[No. 2974.   Decided October 26, 1898.]

THOMAS KINSMAN et al., Appellants, v. CITY OF SPOKANE et al., Respondents.

QUIETING TITLE — STREET ASSESSMENT AS CLOUD — PLEADING — TENDER.

Under Code Proc., § 544 (Bal. Code, § 5521), authorizing an action to quiet title against any one claiming an interest in land adverse to the owner, such an action may be maintained for the removal of a street assessment as a cloud upon title, although the assessment is apparently barred by the statute of limitations.

A complaint in an action to remove a street improvement assessment as a cloud upon title, upon the ground that it is barred by the statute of limitations, and also that it was without foundation in the first instance, is not demurrable because it does not allege a tender of the amount of the assessment.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.   Reversed.

Stephens & Bunn, for appellants:

" The statute giving this right of action to the party in possession does not confine the remedy to the case of an adverse claimant, setting up a legal title, or even an

equitable title; but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension. The plaintiff has a right to be quieted in his title whenever any claim is made to real estate of which he is in possession, the effect of which claim might be litigation or a loss to him of the property." *Head v. Fordyce,* 17 Cal. 151; *Tuffree v. Polhemus,* 41 Pac. 808; *Durell v. Abbott,* 44 Pac. 647; *Tolleston Club v. Clough,* 43 N. E. 647; *Ely v. New Mexico & A. R. R. Co.,* 129 U. S. 291 (32 L. ed. 688); *Ormsby v. Ottman,* 85 Fed. 496; *Dean v. Madison,* 9 Wis. 402; *Zumwalt v. Madden,* 31 Pac. 400; *Bisel v. Tucker,* 121 Ind. 249; *Wilson v. Wilson,* 24 N. E. 974; *Gage v. Kaufman,* 133 U. S. 471 (33 L. ed. 725); *Walton v. Perkins,* 28 Minn. 415; *Kincaid v. McGowan,* 88 Ky., 91 (13 L. R. A. 289); *Rough v. Simmons,* 65 Cal. 227; *Castro v. Barry,* 79 Cal. 443; *Goldsmith v. Gilliland,* 22 Fed. 866.

*A. G. Avery,* for respondents.

The opinion of the court was delivered by

Scott, C. J.—The appellants brought this action to remove a cloud from the title of certain real estate situated in the city of Spokane, and have appealed from a judgment sustaining a demurrer to the complaint. The cloud complained of was a purported assessment on the property for street improvements. Two propositions are set forth by the respondents for sustaining the judgment; one being that the complaint shows upon its face that the statute of limitations had run against the assessment proceedings, and that they were therefore void; and the other, that, before the plaintiffs could maintain the

action, they must tender the amount justly due. In support of the first proposition § 1399, 3 Pomeroy's Equity Jurisprudence (2d ed.), is cited, showing such to be the general rule, although it meets the disapproval of the author. But we are of the opinion that it cannot obtain under our statute (§ 544, 2 Hill's Code, Bal. Code, § 5521), which authorizes an action to quiet title against any one claiming an interest therein adverse to the plaintiff; and the complaint, in paragraph eight, shows that the defendant city contends that it still has the right to commence suit or proceedings to enforce the assessment.

It is an unquestioned fact that under our present system of registration laws, where the records are so universally and entirely relied upon to show the character of the title, a matter of record adverse to the title of one seeking to convey, although seemingly void on its face, or which apparently could not be enforced in consequence of the statute of limitations, would yet injuriously affect the value of the real owner's title, and he should be permitted to have the same removed as a cloud, where rights adverse to his interests are claimed under it; and, independent of the statute, we should approve of the reasoning of the learned author against the rule.

No authority has been cited holding that, in order to maintain such an action, the plaintiff must tender the amount of the assessment, notwithstanding the fact that the statute of limitations has run against the same. But it is immaterial, whatever the rule may be, for in this case the plaintiff, in paragraph five of his complaint, has alleged that the claim of the defendant city was without foundation and wrongful and does not in fact exist, and, as a further and additional reason for its invalidity, pleaded the statute aforesaid. If the city's claim was without foundation and wrongful, that of itself would be a defense against enforcing it, regardless of the statute

of limitations, and no tender of any amount would have been required; nor does it appear by the complaint that anything was justly due against the premises.

The judgment will be reversed and the cause remanded, with instructions to overrule the demurrer, and for further proceedings.

GORDON, ANDERS and REAVIS, JJ., concur.

DUNBAR, J., dissents.