[No. 9152.     Department Two.     January 7, 1911.]

PACIFIC COAST PIPE COMPANY, *Appellant*, v. DANIEL HEDICAN *et al.*, *Respondents*.[1]

QUIETING TITLE—CLOUD—MORTGAGE BY STRANGER. Under Rem. & Bal. Code, § 809, enlarging equity jurisdiction, an action lies to quiet title against a mortgage given by a stranger to the title.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered November 22, 1909, upon sustaining a demurrer to the complaint, dismissing an action to quiet title. Reversed.

*P. C. Shine*, for appellant.

*McWilliams & McWilliams*, for respondents.

MORRIS, J.—The only question involved in this appeal is whether or not the complaint, the action being one to quiet title, states a cause of action. The court below, having sustained a demurrer, dismissed the action upon appellant's refusal to further plead, and from such judgment this appeal is taken.

The complaint recites that the plaintiff is now the owner, and for a long time has been in possession, of the land; that defendants claim and assert an interest therein adverse to the plaintiff, which claim is without right, neither of the defendants having any right, title, interest or estate in the land; that Thomas Hedican, one of the defendants, for the purpose of defrauding the plaintiff, and acting under a power of attorney from Daniel Hedican, executed for the purpose of

[1]Reported in 112 Pac. 655.

defrauding plaintiff, did on March 12, 1909, enter into a
conspiracy with defendant Bolton, who is the alleged husband
of the undivorced wife of Daniel Hedican who is wrongfully
supposed to be deceased, to and did execute a mortgage upon
the land to said Bolton, without any consideration, which said
mortgage was placed on record and purports upon its face
to be a lien upon the land; that under the belief that Daniel
Hedican was dead, an administrator has been appointed for
his estate, which said administrator and the wife of Daniel
Hedican claim an interest in the land because of said wrong-
ful alleged death.

The ground upon which the demurrer was sustained, as
we gather from the briefs, is that the complaint did not show
any such interest in the property as to require the inter-
vention of a court of equity, and even if such interest be
shown, the alleged cloud is not of such substantial nature as
to justify an action to remove it; the argument being that
the mortgage is shown to have been executed by a stranger
to the title, and that the complaint alleging that plaintiff is
*now* the owner of the property, it does not appear that it
was the owner or had any interest in the property when the
mortgage was given.   Nor does it appear that Daniel
Hedican was not the owner at the time of the giving of the
mortgage.

It may be admitted that many states hold that, in order to
constitute a cloud upon title, the alleged offending instru-
ment must upon its face confer some right or interest in the
land, and that it could not show such interest if executed by
a stranger to the title.   Such, however, is not the rule in this
state; actions of this character being permitted, even though
the claim be shown to be absolutely invalid, upon the theory
that Rem. & Bal. Code, § 809, has enlarged equity jurisdic-
tion in cases of this character, and under this section the ac-
tion may now be brought by the person in possession "for the
purpose of stopping the mouth of a person who has asserted

37—61 WASH.

or who is asserting a claim to the plaintiff's property. It is not aimed at a particular piece of evidence, but at the pretensions of the individual," and "it is sufficient that the party in possession is incommoded or damnified by the assertion of some claim or interest in the property adverse to him." *McGuinness v. Hargiss*, 56 Wash. 162, 105 Pac. 233, and cases there cited. Under the above rule, this complaint stated a cause of action, and it was error for the court to sustain the demurrer and enter a judgment of dismissal.

The judgment is reversed, and the cause remanded for further proceedings.

RUDKIN, C. J., CHADWICK, and DUNBAR, JJ., concur.