[No. 11549.  *En Banc.*  November 12, 1915.]

## BIRD TIMBER COMPANY, *Respondent*, v. SNOHOMISH COUNTY et al., *Appellants.*[1]

TAXATION—PUBLIC LANDS—UNSURVEYED LIEU LANDS.  Unsurveyed public lands, selected as lieu lands in place of lands included within a forest reserve, are not subject to taxation by the county or state, where the Interior Department did not approve the selection, and afterwards created another forest reserve in which the lands were included.

QUIETING TITLE—INVALID CLAIM—CLOUD ON TITLE.  An action to quiet title under the statute may be maintained against an adverse interest which is absolutely invalid and does not constitute a cloud upon the plaintiff's title.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 5, 1913, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action to cancel a tax levy. Affirmed.

*R. J. Faussett* and *Joseph H. Smith*, for appellants.

*J. A. Coleman*, for respondent.

[1]Reported in 152 Pac. 689.

### ON REHEARING.

FULLERTON, J.—This cause was before this court at its January session in 1914, and was affirmed by an opinion filed September 12, 1914. *Bird Timber Co. v. Snohomish County*, 81 Wash. 416, 143 Pac. 433.   Subsequently petitions for rehearing were filed, both by the appellants in the original action, and on leave of court, by others, whose property interests were claimed to be adversely affected by the decision.   The petitions were granted, and the cause reheard by the court *En Banc* at its May session in 1915.

The facts giving rise to the controversy are fully stated in the former opinion of this court and it is unnecessary to repeat them here.   From an examination of the opinion, it will be observed that the court rested its judgment affirming the invalidity of the tax in question on the ground that the lands sought to be taxed were the property of the United States; the selections thereof being invalid because made in the terms of a future survey.   The opinion was rested largely on the case of *F. A. Hyde*, 40 Land Dec. 284.   Subsequent to the time the opinion was prepared, however, the *Hyde* case was overruled by the Land Department; the department then holding that a selection of lieu lands made in the terms of a future survey was not invalid for want of sufficient description.   In view of this change of opinion by the Interior Department, this court is not itself inclined to adhere to the rule announced, and will consider the question as still an open one.

We think, nevertheless, that the case was rightly decided. Since the lands were unsurveyed, and since the Department of Interior did not approve the selection, and afterwards created another forest reserve in which the lands were included, the selectors can have neither a legal nor an equitable title to the property; in fact, nothing more than a preferential right of entry, and any attempt of the county or state to tax the lands as property of the selectors is necessarily invalid

and void.   *Cosmos Exploration Co. v. Gray Eagle Oil Co.,*
190 U. S. 301; *State v. Itasca Lumber Co.,* 100 Minn. 355,
111 N. W. 276.

At the argument on rehearing, the learned counsel repre-
senting the appellant made the contention that, if the view of
the selectors' interest in the lands now taken by the court be
adopted, the case must be reversed, for the reason that an
assessment of taxes on public lands as the property of one
who has only a preferential right to enter the same will not
cast a cloud upon his title, and hence the selector has no
right to complain of the assessment, since he is neither in-
jured, nor threatened with injury, by the assessment.   There
are cases from other jurisdictions which maintain this doc-
trine.   This court, however, early adopted a different rule,
resting its decision upon the statutes.   In *Lemon v. Water-
man,* 2 Wash. Terr. 485, 7 Pac. 899, the court, referring to
the statute, held that it enlarged the equity jurisdiction of
the court so as to embrace a case wherein the adverse inter-
est does not constitute a cloud, and that the action would lie,
notwithstanding the "absolute invalidity of the claim or es-
tate against which the true owner is moving."   See, to the
same effect: *Watson v. Glover,* 21 Wash. 677, 59 Pac. 516;
*Bird v. Winyer,* 24 Wash. 269, 64 Pac. 178; *Montgomery v.
Cowlitz County,* 14 Wash. 230, 44 Pac. 259; *Kinsman v. Spo-
kane,* 20 Wash. 118, 54 Pac. 934, 72 Am. St. 24; *Cordiner
v. Finch Inv. Co.,* 54 Wash. 574, 103 Pac. 829; *McGuin-
ness v. Hargiss,* 56 Wash. 162, 105 Pac. 233; *Pacific Coast
Pipe Co. v. Hedican,* 61 Wash. 576, 112 Pac. 655, Ann. Cas.
1912 C. 833.

The judgment is affirmed.

MORRIS, C. J., MOUNT, MAIN, ELLIS, PARKER, CHADWICK,
and HOLCOMB, JJ., concur.