[No. 13053.   Department One.   March 24, 1916.]

LEONA WILSON et al., Appellants, v. ADA F. STONE et al., Respondents.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—LIABILITY—TORTS OF HUSBAND. Community property is not subject to the lien of a judgment recovered against the husband for a tort which was not committed for the benefit of the community.

QUIETING TITLE—RIGHT OF ACTION—VOID LIEN. Under Rem. & Bal. Code, § 785, an action to quiet title may be maintained to remove the cloud of a judgment lien against community property, although the judgment was against the husband for tort and not enforcible against the property; since the statute authorizes the action by any person claiming an interest where the invalidity of the apparent lien can only be shown by extrinsic evidence.

Appeal from a judgment of the superior court for Okanogan county, Edward H. Wright, J., entered May 4, 1915, upon findings in favor of the defendants, dismissing an action to quiet title, tried to the court. Reversed.

*William C. Brown,* for appellants.

CHADWICK, J.—This is an action to quiet title. Respondents had obtained a judgment against W. C. Wilson for a tort committed by him. The judgment stood as an apparent lien upon the property claimed by appellant Leona Wilson as her separate property. Upon issue joined, the court found

[1]Reported in 156 Pac. 12.

the property to be the community property of the appellants. If the property is community property, it is still not subject to the judgment under the bare fact of community ownership, under the rule declared in *Brotton v. Langert*, 1 Wash. 73, 23 Pac. 688; *Day v. Henry*, 81 Wash. 61, 142 Pac. 439.

The court also found that the tort was not committed for the benefit of the community, and entered a conclusion of law, "that said judgment is not a lien upon said land or any part thereof." He refused to enter a decree quieting title, and dismissed the action.

The old rule that an apparent lien, or one that, after a hearing, was found to be unenforceable by any legal process or proceeding, would not afford a ground for equitable relief, was recognized in *Lemon v. Waterman*, 2 Wash. Terr. 485, 7 Pac. 899, but it was held that it had no application, by reason of the statute, where the land was not in the possession of any one. Without reviewing the cases, it may be said that the statute, Rem. & Bal. Code, § 785 (P. C. 81 § 1335), and similar statutes, have since been given a broader interpretation, and that the action may now be maintained by any one who has a valid, subsisting interest in the property, and against any person claiming an interest, where the claim or lien is apparent and its invalidity can only be shown by resort to extrinsic evidence. 32 Cyc. 1317, 1324.

In *Crowley v. Byrne*, 71 Wash. 444, 448, 129 Pac. 113, an even broader rule is suggested. The court said:

"Indeed, whatever the rule may have formerly been in an action to remove a cloud, strictly speaking, we think under our present law that the defendant in an action to try title to land, whatever its nature, seldom, if ever, will be permitted to urge in defense of such action that the cloud which the plaintiff is seeking to remove or the claim which he is seeking to quiet his title against, is not a cloud or is not a valid claim. If this be a defendant's attitude, he can have no possible interest in the action except to avoid the taxation of costs therein against him, and this can readily be avoided by a disclaimer on his part. What right a defendant has under such

circumstances to say that the plaintiff may not have a decree removing a cloud which he conceives to be such, or a decree quieting his title as against a claim which he conceives may even in the slightest degree impair the full enjoyment of his title, is indeed difficult to conceive."

Reversed, with instructions to enter a decree in favor of appellants.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.