[No. 15013.   Department One.   January 9, 1919.]

## C. F. ORTMAN, *Appellant,* v. KITTITAS COUNTY *et al.,* *Respondents.*[1]

TAXATION (34, 37)—STATE LANDS—LIEU LAND SELECTIONS—TITLE IN ABEYANCE. Under the enabling act, granting sections 16 and 36 to the state for school purposes, lands patented before survey and found on extension of the survey to be within section 36, the title to which had by suit been quieted in the state, although the patentee was left in possession pending settlement of lieu land selections, is not subject to taxation, since the title was in the state regardless of the suit to quiet title.

SAME. Under Rem. Code, § 6635-3, providing for lieu land selections in exchange for sections 16 and 36 in Federal Forest Reserves, and requiring conveyance by the state when title to the selected lands became vested in the state, title to the school lands remains in the state until the conditions are fulfilled, and are not subject to taxation; notwithstanding a patentee from the government in possession may thereupon become the owner by compliance with the state or Federal conditions therefor.

SAME (34, 200) — STATE LANDS — RIGHT OF ACTION TO SET ASIDE TAX. A patentee from the government prior to survey, of land in section 36, the title to which had been quieted in the state, but who was left in possession pending negotiations of lieu land selections which would probably result in his becoming the owner of the land, may maintain an action to cancel taxes improperly assessed against the land while the title was in the state.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered July 30, 1918, upon sustaining a demurrer to the complaint, dismissing an action to cancel a tax. Reversed.

*Pruyn & Hoeffler,* for appellant.

*Arthur McGuire,* for respondents.

MACKINTOSH, J.—The appellant is seeking the cancellation of taxes, his complaint setting up the following statement of facts, which were admitted by the re-

[1]Reported in 177 Pac. 721.

spondents' demurrer: The appellant is in possession of section 36, township 21, range 12 east, and holds a contract of purchase of that property from one Walker. There was issued to Walker by the United States government in 1911 a patent to this property, which had been settled upon by Walker before the public survey had been extended over it. Upon the survey being made, the land was found to be in section 36, and after the issuing of the patent, the state of Washington, in January, 1912, began an action in Kittitas county against Walker to obtain possession of the property and to quiet title to the same, the state claiming under the terms of the enabling act sections 16 and 36, surveyed or unsurveyed, not otherwise appropriated, within the state at the time the state was admitted to the Union, these sections having been granted by Congress for the use of the common schools of the state. The complaint alleges that this action by the state against Walker was determined in favor of the state, and that a judgment and decree was rendered to that effect, but not entered for the reason that negotiations at that time were pending between the state and the Federal government looking to the settlement of the title to these sections, which were unsurveyed at the time the state was admitted to the Union, and it was agreed that Walker be left in possession of the property awaiting an adjustment that would probably be made at the conclusion of the negotiations between the two governments in relation to the title. Subsequently, the legislature of the state and the Congress of the United States entered into an agreement whereby the state should release its claim to sections 16 and 36 in the forest reserves within the state, and the state should take lands in exchange therefor on the surveyed public domain of the United

States situated in the state of Washington. Appropriations were made and work was done in determining the numbers of sections 16 and 36 lying within the Federal Forest Reserve within the state of Washington, and it has been determined that the property here in controversy is situated in such forest reserve. The work has progressed so far that little remains to be done to complete it, and the state has already located large tracts of land in lieu of sections falling within the Federal Forest Reserve. The complaint alleges that the matter in controversy between Walker and the state will be speedily adjusted, at which time the title of Walker to the land in question will be confirmed. The complaint then alleges that taxes for the years 1912 to 1917, inclusive, have been levied against this property by the county of Kittitas, notwithstanding that the title of said Walker to the property is in abeyance, and alleging that such assessments are void and constitute a cloud on the title. The complaint further alleges that, as soon as the cruising and surveying of sections 16 and 36 of the Federal Forest Reserves of the state of Washington is complete and lieu lands therefor are selected by the state, the secretary of the interior department of the United States will approve such selection and the claim of the state of Washington to title to such lands, including the lands here in controversy, will be relinquished. The demurrer having been sustained, this appeal was taken.

The title to lands in section 36, which at the time of the admission of the state were unsurveyed has been established in the state, although prior to the survey, patents for such lands have already been issued by the Federal government. The complaint in this action alleges that, in a suit between the state and the appellant's grantor, the title to the section here in question

has been determined to be in the state. If there had been no such suit, as a matter of law, following the decision of this court in the case of *State v. Whitney,* 66 Wash. 473, 120 Pac. 116, the facts plead in the appellant's complaint would have been held to have established title in the state. Subsequent to the decision in the *Whitney* case, the action referred to in the complaint as having been taken by the legislature of the state and the Congress of the United States, looking to the relinquishment by the state of its title to section 36 and the acceptance of lieu lands therefor, took the form, as far as the state is concerned, in ch. 102, Laws of 1913, p. 300 (Rem. Code, §6635-1 *et seq.*), which provides in § 3 thereof:

"Whenever the title to any lands selected under the provisions of this act shall become vested in the state of Washington by the acceptance and approval of the lists of lands so selected, or other proper action of the United States . . . the state shall convey . . . the lands of the state relinquished under the provisions of this act, which deed shall convey to and vest in the United States all the right, title and interest of the state of Washington therein." Rem. Code, § 6635-3.

Under this act, title to section 36 remains in the state of Washington until all of the conditions required by the acts of the state legislature and the Congress of the United States have been performed. The complaint alleging that the final selection has not been completed, it follows that the state is still the owner of the land here in question. That being true, of course, it is not subject to taxation. The fact that the appellant may in all probability become the owner of this property by the compliance by the state and Federal governments with the terms of their agreements, does not give him title, until that title has come either in the form of a new patent from the Federal govern-

ment, or from the old patent by virtue of the relinquishment by the state of its title.

We now meet the second question presented in this case: The appellant having established by his pleading that the title is not in him, but in the state of Washington, can he complain because the county is levying taxes against property which he does not own? Were this an open question, the writer of this opinion is inclined to believe that the logical answer would be against appellant's right; but, reading the decisions of this court, the conclusion must be that it is no longer an open question. It has been held that, although taxes have been assessed against land which was the property of the state, a person having an interest in that property which might thereafter result in legal title, has a right to maintain an action looking to the cancellation of taxes, by reason of the fact that, when the title should eventuate in him, the taxes theretofore improperly assessed would have created a cloud upon his after-acquired title. We cannot distinguish the present case from the case of *Bird Timber Co. v. Snohomish County,* 81 Wash. 416, 143 Pac. 433, and especially as that case appears in the report of its rehearing in 88 Wash. 90, 152 Pac. 689, the title of the plaintiff in that action being considerably more difficult of definition than that of appellant in this case. On the strength of the *Bird* case, and the cases cited therein from this court in support of that decision, we are of the opinion that the appellant in this case had the right to prosecute this action, and that the complaint stated a cause of action. The lower court was, therefore, in error in having sustained the demurrer, and, for that reason, the action will be reversed.

MAIN, C. J., CHADWICK, MITCHELL, and TOLMAN, JJ., concur.