(October 25, 1921.)

## SIMON W. BECK, Appellant, v. HENRY PAYNE and FLORA C. PAYNE, Respondents.

[202 Pac. 569.]

CONTRACT—CONDITION PRECEDENT.

    Language of contract in this case examined and found to clearly show that agreement to discharge certain mortgage is a condition precedent to right to demand deed.

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. H. F. Ensign, Judge.

Action for specific performance of contract for sale of land. From order sustaining demurrer to amended complaint, plaintiff appeals. *Affirmed.*

Dampier & Codding and Homer C. Mills, for Appellant.

Time was not of the essence of this agreement, with reference to the obtaining of the release of the mortgage in question. (*Steele v. Branch,* 40 Cal. 3.) The alleged condition to be performed by the plaintiff with reference to the obtaining of the release of said mortgage was a covenant, and not a condition precedent to demanding a conveyance; and courts are disinclined to construe the stipulations of a contract as conditions precedent, unless compelled to do so by the language of the contract plainly expressed, especially where the result would be to work a forfeiture, which the law will always endeavor to prevent. (*Front St. etc. Co. v. Butler,* 50 Cal. 574; *Deacon v. Blodgett,* 111 Cal. 416, 44 Pac. 159; *Antonelle v. Kennedy etc. Lumber Co.,* 140 Cal. 309, 73 Pac. 966; *Diepenbrock v. Luiz,* 159 Cal. 716, Ann. Cas. 1912C, 1084, 115 Pac. 743, L. R. A. 1915C, 234; *Lucy v. Davis,* 163 Cal. 611, 126 Pac. 490; *San Diego Const. Co. v. Mannix,* 175 Cal. 548, 166 Pac. 325.)

Walters, Hodgin & Bailey and S. T. Lowe, for Respondents.

The releasing of the mortgage by the appellant.was a condition precedent to his right to compel specific performance of the contract. (*Papesh v. Wagnon,* 29 Ida. 93, 157 Pac. 775.)

Where time has been made not only of the essence of the contract but a condition precedent to the vendee's right to the consummation of the contract, and the contract contains a provision for forfeiture, specific performance will ordinarily not be granted at the suit of a vendee, who has failed to make payments within the time specified. (*Milnor v. Willard,* 34 Ill. 38; *Wells v. Smith,* 7 Paige (N. Y.), 22, 31 Am. Dec. 274; *Cushing v. Knight,* 46 Can. Sup. Ct. 555; *Labelle v. O'Connor,* 15 Ont. L. Rep. 519.)

Where promises which form the consideration for each other are concurrent or dependent, the failure of one party to perform will discharge the other, and one cannot maintain an action against the other without showing performance, on his part, unless such performance has been excused. (13 C. J. 627, sec. 694, and cases cited.)

DUNN, J.—This is an action brought by appellant for the specific performance of a contract for the sale of certain land situated in Minidoka county. The action is based upon a written contract entered into on October 14, 1916, by which respondents agreed to sell and appellant agreed to buy the land described in said contract. The consideration of $20,000 was to be paid as follows: $1,000 cash at the time of the execution of the contract; $4,000 on or before December 1, 1916; $5,000 on or before January 1, 1917; and $2,000 in bankable paper payable on or before December 1, 1918; the appellant to assume and pay a mortgage of $8,000, together with all interest accruing thereon from the first day of December until paid, which said mortgage was held by the Home Investment and Savings Company against the land which was the subject of the contract,

and also against an additional 80 acres of land owned by respondents.

The contract contains the following provisions:

"The mortgage hereinbefore agreed to be assumed and paid by the said party of the second part in addition to covering the land hereinbefore described and which the said parties of the first part have agreed to sell and convey unto the said party of the second part covers the East half of the Southeast Quarter (E. ½ SE. ¼) of Section Thirty-two (32) . . . . which said land is now owned by the said parties of the first part, and the said party of the second part hereby covenants and agrees that he will release or procure to be released from the said mortgage the said East Half of the Southeast Quarter (E. ½ SE. ¼) of Section Thirty-two (32) . . . . provided, however, that it shall not be considered a breach of this contract if the said party of the second part releases the said mortgage in so far as it relates to the land retained by the parties of the first part prior to the first day of December, 1916, but thru no fault of the party of the second part the release thereof is delayed for a period longer than the first day of December, 1916. . . . .

"The parties of the first part will on the first day of January, 1917, or as soon thereafter as the purchase price hereinbefore specified, excepting the sum of Two thousand ($2,000.00), shall have been paid and the East half of the Southeast Quarter (E. ½ SE. ¼) of Section Thirty-two (32) . . . . released from the said mortgage hereinbefore described, make, execute and deliver to the said party of the second part a good and sufficient deed conveying to the said party of the second part title in fee simple, unconditional, free and clear of all encumbrances," excepting certain liens mentioned in the contract.

"It is further agreed that time is of the essence of this contract and in case the said party of the second part shall fail, refuse or neglect to pay the said instalments of the purchase price or any part thereof promptly as agreed

herein or shall fail, refuse or neglect to release the said
East half of the Southeast Quarter (E. ½ SE. ¼) of Sec-
tion thirty-two (32) . . . . from said mortgage as herein
provided it shall be optional with the said parties of the first
part to declare this contract forfeited, whereupon all rights
of the said party of the second part to complete said pur-
chase shall immediately terminate and the said party of
the second part shall forfeit to the said parties of the first
part all money paid upon the purchase price together with
any and all improvements made upon the said premises, if
any, as liquidated damages for the breach of this con-
tract. . . . .

"All payments to be made under the terms of this contract
shall be made and the same shall be payable at the Rupert
National Bank, in Rupert, Idaho."

A copy of the contract is attached to and made a part of
the amended complaint.

It is further alleged: "That the plaintiff has duly per-
formed all of the conditions of the agreement on his part.

"That on the first day of December, 1916, the plaintiff
did tender to the defendants the sum of $4,000 and on re-
fusal of the defendants to accept the same did deposit the
said sum of $4,000 in the Rupert National Bank of Rupert,
Idaho, subject to the order of the defendants; that on the
first day of January, 1917, the plaintiff tendered to the
defendants the sum of $5,000, and upon the refusal of the
defendants to accept the same did deposit the said sum of
$5,000 to the credit of the defendants in the Rupert
National Bank of Rupert, Idaho, and did on said first day
of January, 1917, deposit in the said Rupert National Bank
$2,000 in bankable security, the same being approved by the
officers of the said Rupert National Bank of Rupert, Idaho.
That prior to the said first day of December, 1916, the said
plaintiff did endeavor to procure from the Home Invest-
ment & Savings Company a satisfaction of the mortgage
named and mentioned in the contract hereinbefore referred
to in so far as the same pertained to the East Half of the

Southeast Quarter of Section 32, Township 9, South, of Range 23 East of the Boise Meridian, and did offer to pay to the said Home Investment and Savings the amount of the said mortgage in so far as it pertained to the said land and all expense connected with the making of the satisfaction or in changing the papers with reference to the same, but that the Home Investment and Savings Company did refuse to satisfy the said mortgage or allow the same to be changed to exclude the said lands in so far as it pertained to the same, and the plaintiff was therefore unable to secure the satisfaction of the said lands as in said contract specified and it is thru no fault of the plaintiff that the same remains unsatisfied. That at the time of making the tender of $5,000 and at various times since the said date this plaintiff did demand of the defendants a conveyance of the real property according to the terms of the said contract but that the defendants did refuse and have ever since refused to execute and deliver to the plaintiff a deed to the said lands, subject to the mortgage named and mentioned in the said contract.

"That the plaintiff has ever since the said tender of the said moneys, kept the same on deposit in the Rupert National Bank, subject to the demand of the defendants, that the same is by said reason of being so kept on deposit unproductive, and ready to be paid over on this said agreement and into this court."

Appellant prays for a decree that the defendants execute to appellant a sufficient conveyance of said real property.

Respondent demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and allowed the appellant 15 days to amend. On the expiration of the time allowed appellant declined to amend and announced his intention to stand upon the amended complaint, whereupon judgment was entered dismissing the action.

Appeal was taken from the order sustaining the demurrer and also from the judgment of dismissal.

The sole specification of error made by appellant is, "That the court erred in sustaining the demurrer of the defendants to plaintiff's amended complaint and in entering judgment of dismissal against the plaintiff thereon in favor of the defendants."

Under this specification appellant discusses at length the question of forfeiture and also the question whether time is of the essence of the contract in this case. In our view of the case these questions are not before this court. The question of forfeiture is not raised in the pleading nor is it involved in the ruling of the court sustaining the demurrer. The question whether time is of the essence of the contract is not before us for the reason under the admissions of appellant there has been no performance of the agreement to release the mortgage from the eighty acres of land not included in the contract of sale, and until there has been a performance of that part of the contract we fail to see how the question whether time is of the essence as to that provision enters into the case.

The contention of appellant is that the provision for the release of the mortgage on that 80 acres of land was "a covenant and not a condition precedent to demanding a conveyance; and courts are disinclined to construe the stipulations of a contract as conditions precedent unless compelled to do so by the language of the contract plainly expressed, especially where the result would be to work a forfeiture, which the law always endeavors to prevent." Accepting this statement at its face value, we have only to turn to the provisions of the contract to be convinced that by the plain language thereof we must construe the agreement to release said mortgage as a condition precedent to the right to demand the execution and delivery of a deed for the land covered by the sale contract. In our view no other construction could reasonably be placed upon the language used by the parties to this agreement. Manifestly, appellant himself placed this construction upon the contract, for before he demanded the deed he attempted to obtain a

release of the mortgage on that 80 acres of land, but was unable to do so. Under the terms of the contract he was under the same obligation to release that mortgage as he was to make the payments that he tendered, and until he has released the mortgage according to his . agreement he cannot legally demand the execution and delivery of the deed. To hold that his attempted performance of this part of the agreement was equivalent to performance would be for this court to make a new contract for him and the respondents, which, of course, we have no right to do.

The order sustaining the demurrer to the amended complaint and the judgment of dismissal are affirmed. Costs awarded to respondents.

Rice, C. J., and Budge, McCarthy. and Lee, JJ., concur.

Petition for rehearing denied.