[No. 17325. Department One. January 2, 1923.]

ELLINOR VANDERVEER, *substituted for George F. Vanderveer, Respondent,* v. CLARENCE D. HILLMAN *et al., Appellants.*[1]

HUSBAND AND WIFE (84)—COMMUNITY PROPERTY—LIABILITY—TORTS OF HUSBAND. An employment of an attorney to defend a civil suit involving the protection of $825,000 worth of community property, and criminal prosecutions resulting directly from the acts of the husband in dealing with the community property, creates a community debt.

TRIAL (51)—ARGUMENT OF COUNSEL—OBJECTIONS AND EXCEPTIONS. A mere exception to improper argument and remarks of counsel, without moving the court in the matter, is not sufficient to secure a review thereof, unless the conduct was so flagrant as to be incurable.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 29, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover for legal services. Affirmed.

*Poe & Falknor,* for appellants.

*Reynolds, Ballinger & Hutson,* for respondent.

HOLCOMB, J.—This action is for an attorney's fee of $10,000, alleged to have been due for legal services of that value rendered by George F. Vanderveer, former husband of respondent, who was substituted as plaintiff before trial.

The services were alleged to have been performed by Vanderveer, the husband, in very important litigation against the appellants in the state of California.

It is alleged that Vanderveer went to California for the purpose of performing such professional services, and remained there from October 29 to November 12,

[1]Reported in 211 Pac. 722.

1920, devoting himself to the preparation of the cases, and counselling and advising with appellants. The cases which he alleged he was employed to defend are described as: (1) A suit by one Wineman and wife against appellants and others, to compel a reconveyance of some mortgages and other property of the aggregate value of $825,000, on the ground that they were procured by fraud and misrepresentation; (2) a criminal action by the state of California against appellant Clarence D. Hillman and others, by an indictment in two counts, charging them with conspiracy to steal $125,000 in money from the Winemans, and of defrauding them of property worth $825,000; (3) another indictment charging Clarence D. Hillman and others with the crime of grand larceny of $125,000.

Appellants by answer admit the pendency of the civil suit, and the several indictments, and every other allegation of the complaint, save that they deny the employment of Vanderveer; or that he ever performed any services, or that his services were of the value of $10,000 or any other sum.

After a very heated and closely contested trial, the jury awarded respondent $2,500.

There was ample evidence, and evidently believed by the jury, of the employment.

The errors complained of are, first, that the court erred in not granting a new trial on the ground of misconduct of plaintiff and her attorney, in the repeated propounding of prejudicial and irrelevant questions, and improper remarks during argument; and, second, in overruling appellants' motion that the verdict of the jury against Bessie Hillman individually, and against the marital community composed of appellants, be set aside on the ground that there was not sufficient evidence to sustain a judgment against the community or against Bessie Hillman individually.

As we understood in the oral argument, the second error was practically abandoned as not being of sufficient merit to justify oral argument. However, we consider the debt, if it exists, a community debt; because, if there was an employment, the civil suit involved the defense and protection of $825,000 worth of community property. The criminal cases apparently resulted directly from the acts of appellant Clarence D. Hillman dealing with community property. While it is probably true that the community and other member of the community would not be liable to answer for the torts committed by the other member of the community, this is not true where such torts are committed in the transaction of the business of the community. *Brotton v. Langert,* 1 Wash. 227, 23 Pac. 803; *Day v. Henry,* 81 Wash. 61, 142 Pac. 439; *Wilson v. Stone,* 90 Wash. 365, 156 Pac. 12; *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634.

As to the first assignment of error, the record has been carefully examined, and many of the objections made by appellants to statements of counsel in argument are untenable, for the reason that counsel for respondent in making the statements was strictly within the record. In other instances, when objection was made, even though counsel for respondent was within the record, the objection by appellant was sustained. In still other instances where counsel made statements outside of the record, the objection was sustained by the trial court. Furthermore, a mere exception to improper statements of counsel to the jury, without moving the court in the matter, is insufficient to secure a review of error assigned thereon, unless the misconduct was so flagrant that no instruction would cure it. *Taylor v. Modern Woodmen of America,* 42 Wash. 304, 84 Pac. 867, 7 Ann. Cas. 607. We cannot so find in this case.

There was evidence amply justifying a much larger award than was made by the jury. There is nothing appearing upon the bare face of the record showing such misconduct as prejudiced the appellants. The trial judge, exercising his discretion and knowing all the matters and things occurring at the trial, denied the motion for a new trial, and we are unable to say that he abused his discretion.

Judgment affirmed.

PARKER, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.