[No. 19052. Department Two. March 13, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. JACOB HOOPER, *Appellant.*[1]

CRIMINAL LAW (244)—TRIAL—MISCONDUCT OF COUNSEL—CORRECTION BY COURT. Prejudicial error will not be found on improper argument of the prosecutor, where the objectionable remark was called forth by defendant's argument, the court instructed the jury to disregard it, and it did not violate any constitutional or statutory right.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered December 31, 1923, upon a trial and conviction of incest. Affirmed.

*W. F. Magill* and *J. E. Stone,* for appellant.

*Hite Imus* and *A. H. Imus,* for respondent.

HOLCOMB, J.—This is an appeal from a conviction and judgment on a charge of incest.

The only errors assigned are upon the alleged misconduct of the attorney for the state, and in refusing a new trial. The misconduct of the deputy prosecuting attorney alleged is upon a statement by him in arguing the case to the jury, as follows:

[1]Reported in 233 Pac. 920.

"Another thing that Mr. Stone says: There is no evidence here that the girl became pregnant. Probably did not use that word, but what he meant was if it had been so we would have had it out here and proved it in this court. He knows what the facts are about that, but he knows that we are not permitted to prove it, yet he says 'why did we not prove it' when we are not permitted under the law to do it."

It is asserted that this statement is wholly unsupported by any evidence in the case and was, in its nature, extremely prejudicial to appellant.

The record shows that, when the above remark was made in argument, one of the attorneys for appellant moved that "that statement of counsel be stricken and the jury instructed not to consider—injection of an insinuation; no bearing on this case." Thereupon the trial judge stated that counsel's statement was stricken from the record, and the jury were instructed not to consider it.

Apparently, from the statement of the attorney for the state itself, it was called forth by a statement of Mr. Stone made in his argument to the jury.

The statement, while it may have been in excess of proper argument, was not in violation of any constitutional or statutory right and such as must be presumed to have been prejudicial. It was a mere overstatement made in the heat of argument. In any event, the jury were instructed to disregard it, and under such circumstances are presumed to have done so. The deputy prosecuting attorney immediately submitted to the ruling of the court by making the statement "all right."

We are of the opinion that there was no such flagrant misconduct by counsel for the state as was not cured by the direction of the court, and that the trial court did not abuse its discretion in refusing a new trial.

*Vanderveer v. Hillman*, 122 Wash. 684, 211 Pac. 722;
*State v. Larson*, 123 Wash. 21, 211 Pac. 885.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and
MITCHELL, JJ., concur.