(May 29, 1926.)

F. E. ROBERTS, Respondent, v. GEO. P. HARRILL, Appellant.

[247 Pac. 451.]

Vendor and Purchaser — Condition Precedent to Payment of Promissory Note—Consideration for Condition Precedent—Action Prematurely Brought.

1. Provision on back of note that note was to be payable only after removal of certain lien on property was condition precedent to payment of note.

2. Lien on property *held* sufficient consideration for provision in note for purchase price that it was payable only after removal of lien, and that within one year from date, if lien was not removed, maker would have lien removed and pay balance, and action on note before expiration of year was premature, even though lien was removed by operation of law under C. S., sec. 7349, since section 6961 authorizes action to quiet title.

---

Publisher's Note.

1. See 6 R. C. L. 904.

2. See 5 R. C. L. 657.

See Quieting Title, 32 Cyc., p. 1315, n. 62.

Vendor and Purchaser, 39 Cyc., p. 1331, n. 91; p. 1952, n. 69.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County, Hon. Ralph W. Adair, Judge.

Action on a promissory note. Judgment for plaintiff. *Reversed.*

Hamilton Wright, for Appellant.

The agreement, or special contract, between the parties, as evidenced by the writing on back of the note, was a condition precedent. (*Beck v. Payne,* 34 Ida. 408, 202 Pac. 569.)

If a stipulation in a contract is a condition precedent, the obligee may repudiate the contract if the obligor does not perform the condition. (*Lowber v. Bangs,* 69 U. S. 728, 17 L. ed. 768.)

No excuse will exonerate one from the performance of a condition precedent unless it be a positive interference and actual hindrance by the other party, or some distinct and tangible fraud. (*Taylor v. Gallup,* 8 Vt. 340.)

Although the lien mentioned on back of the note was apparently barred by the statute of limitations, it was nevertheless a cloud on appellant's title. (*Kinsman v. Spokane,* 20 Wash. 118, 72 Am. St. 24, 54 Pac. 934.),

Lewis A. Lee, for Respondent.

The lien filed against the property never did and does not now constitute a lien on appellant's property. (C. S., sec. 7344.)

Lien extends only to such right, title and interest as the owner had in the property at the time the lien attached. (*Smith v. Faris-Kesl Construction Co.,* 27 Ida. 407, 150 Pac. 25.)

Under C. S., sec. 7349, a mechanic's lien does not continue unless proceedings are commenced in a proper court against the person, or persons, against whose interests the lien is asserted within the time limited by statute. (*Western Loan & Bldg. Co. v. Gem State Lumber Co.,* 32 Ida.

497, 185 Pac. 554; *Boise-Payette Lumber Co. v. Weaver,* 40 Ida. 516, 234 Pac. 150.)

GIVENS, J.—[1] This action was to enforce payment of a promissory note given as the balance due on the purchase price of a certain lot, payable on demand, subject to the following condition appearing upon the back of the note:

"Shelley, Idaho,
"March 20, 1922.
"This signed by the payer under the express understanding that it shall be payable only after removal of a certain lien filed by the Boise Payette Lumber Company against a part of Lot one, Block thirty, in the Village of Shelley, Idaho.

"It is further understood that if the aforesaid lien shall not have been removed within one year from the date of this note, then this note shall be void, and the signer shall proceed to have said lien removed, paying F. E. Roberts only such amount as shall remain due on this note, after deducting all expense of the expenses incurred in having lien removed.

"GEO. P. HARRILL, JR."

This was a condition precedent to payment of the note. (*Beck v. Payne,* 34 Ida. 408, 202 Pac. 569.)

Respondent contends that conceding that at one time there was a valid lien against the property, it had been removed by operation of law, no action having been commenced for the foreclosure of the lien within the limit fixed by C. S., sec. 7349. The lien was recorded. C. S., sec. 6961 authorizes an action to quiet title. Considering a similar statutory provision the Washington supreme court has said:

"It is an unquestioned fact that under our present system of registration laws, where records are so universally and entirely relied upon to show the character of the title, a matter of record adverse to the title of one seeking to convey, although seemingly void on its face, or which apparently could not be enforced in consequence of the stat-

ute of limitations, would yet injuriously affect the value of the real owner's title, and he should be permitted to have the same removed as a cloud where rights adverse to his interests are claimed under it; and, independent of the statute, we should approve of the reasoning of the learned author (Pomeroy) against the rule." (*Kinsman v. City of Spokane,* 20 Wash. 118, 72 Am. St. 24, 54 Pac. 934; *Bird Timber Co. v. Snohomish County,* 88 Wash. 90, 152 Pac. 689; *Empire Ranch & Cattle Co. v. Wilson,* 20 Colo. App. 83, 131 Pac. 779; *Christman v. Hilliard,* 167 N. C. 4, 82 S. E. 949; *Satterwhite v. Gallagher,* 173 N. C. 525, 92 S. E. 369.) There is some authority to the proposition that where the instrument or proceeding constituting the alleged cloud is absolutely void on its face, and where the instrument or proceeding is not thus void on its face, but the party claiming under it, must offer evidence which will show its invalidity, the court will not exercise its jurisdiction either to remove or restrain the cloud.

These cases arrive at such conclusion upon the theory that where such instrument is void there is no cloud. (Pomeroy's Equity Jurisprudence, sec. 1399, p. 2756, n. 4.) The first rule mentioned appears, however, to be based upon better reason and logic as pointed out in Pomeroy's Equity Jurisprudence, sec. 1399, wherein it is said:

"It leads to the strange scene, almost daily in the courts, of defendants urging that the instruments under which they claim *are void, and therefore that they ought to be permitted to stand unmolested,* and of judges deciding that the court cannot interfere, *because the deed or other instrument is void,* while from a business point of view every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value, and the judge himself who repeats the rule would neither buy the property while thus affected, nor loan a dollar upon its security. This doctrine is in truth based upon mere verbal logic, rather than upon consideration of justice and expediency."

[2] Herein it was apparent there was a lien upon the property, since it had been recorded, and the only manner in

which it could be ascertained whether such lien was valid, whether the statute of limitations had run, or whether an action had been commenced upon the lien within proper time, was by resorting to extrinsic evidence, and in such case an action should be allowed to remove the cloud upon the title caused by such lien, even if in fact it was void. *Wilson v. Stone,* 90 Wash. 365, 156 Pac. 12. Therefore there was a good consideration for the condition attached to the note. The parties had a right to contract that the note should not be paid until the lien had been removed, and since the status of the lien had not been changed from the time the note was signed until suit was brought, it is evident that the parties contemplated that the removal of the lien should be brought about by something other than the mere lapse of time. Though this was not an action to remove the cloud upon the title, the recorded lien would remain such a cloud upon the title until its removal or release, to which relief by reason of the agreement, appellant had a right, as a condition precedent to the payment of the note. It was not incumbent upon appellant to take any steps for the removal of the lien until the expiration of the time allowed in the agreement, and respondent not having removed the lien at the time suit was instituted, January 12, 1923, and the time for removal of the lien not expiring until March, 1923, the suit by respondent was prematurely brought.

Judgment reversed and costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.