[No. 29380. Department One. November 1, 1944.]

EDWARD J. SETH, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant.

*Griffin & Gershon,* for respondent.

GRADY, J.—On January 12, 1941, Edward J. Seth was in the employ of a cab company as a taxicab driver. A passenger whom he had driven to his destination assaulted him by kicking him in the lower abdominal region and in other parts of his body. A claim was made to the department of labor and industries, but it was rejected by the supervisor of industrial insurance upon the ground that the claimant's condition was not the result of the injury. The claim was then considered by the joint board upon testimony taken before an examiner and the report of medical examination,

[1] Reported in 152 P. (2d) 976.

and resulted in an order sustaining the action of the supervisor.

The claimant took an appeal to the superior court. A trial was had before the court and a jury, resulting in a finding by the jury that the condition of which Seth complained was "the result of the kicks that he claims to have received." The court entered judgment, allowing the claim of the claimant and ordering that the proceedings be remanded to the department of labor and industries. As a part of the judgment, the court ordered that the motion of the department for judgment notwithstanding the verdict or, in the alternative, for a new trial be denied. The department has taken this appeal.

By its assignments of error, the appellant urges that: (1) The court should have dismissed the action after all the testimony was read to the jury, or (2) should have granted judgment notwithstanding the verdict, or (3) should have declared a mistrial by reason of misconduct on the part of counsel for the respondent during his argument before the jury.

We find from an examination of the record that we cannot review the first assignment of error. The contention made is that the two physicians called to testify by the respondent based their opinions that his physical condition was the result of the assault made upon him upon what he had related to them were his subjective symptoms, and that this was done by him so as to enable them to testify as witnesses, and not for the purpose of examination or treatment.

When the testimony of the two physicians, given before the examiner for the joint board, was read to the jury, and it appeared that they were relating subjective symptoms told to them by the respondent, no objection was made by counsel for appellant. No motion was made to strike any part of the testimony of the physicians either after they gave their answers to the questions asked or at the close of the case, nor was its competency or sufficiency challenged before the case went to the jury. The statement of facts certified by the trial judge shows that but one question was then raised, and that was to the effect that the injuries claimed

as the result of the assault were not compensable as an industrial injury.

We have held in many cases that an objection to the admission of testimony will not be considered by this court on appeal if it is not timely made in the trial court. Some of them are: *Anderson v. Hilker*, 38 Wash. 632, 80 Pac. 848; *Hall v. Northwest Lbr. Co.*, 61 Wash. 351, 112 Pac. 369; *Rorabaugh v. Great Eastern Cas. Co.*, 117 Wash. 7, 200 Pac. 587; *Wilcox v. Carroll*, 127 Wash. 1, 219 Pac. 34; *Bradley v. Consolidated Silver Mountain Mines Co.*, 162 Wash. 198, 298 Pac. 324; *Lally v. Graves*, 188 Wash. 561, 63 P. (2d) 361; *Omeitt v. Department of Labor & Industries, ante* p. 684.

The reason for the rule is that the party offering the evidence should be given an opportunity to obviate the objection or waive the testimony if he is unwilling to take the risk of error, and so that the trial court may be given an opportunity to consider the question sought to be raised and rule on it before the case is submitted to the jury.

As to when an objection to the testimony of a witness, or a motion to strike it, must be made in order to be timely, may depend upon the situation presented in a given case, and neither the trial court nor this court should adopt any strict rule; but certainly the due and proper administration of the law demands that such action must be taken before the case gets beyond recall. A good statement of the rule is found in 8 Bancroft's Code Practice and Remedies, p. 8496, § 6446:

"In order to preserve the question for appellate review, generally a party must object to improper questions and inadmissible evidence at his earliest opportunity. When a question is asked by opposing counsel, a party may not remain silent, speculate upon an answer being favorable, and, when disappointed, make a motion to strike out the answer. Where, however, there is no opportunity to interpose an objection, or if it is not apparent from the question propounded that the response thereto will be inadmissible, a motion to strike is necessary and sufficient."

Under the second assignment of error, the only question to be considered is whether there is any evidence in the record upon which a verdict for the respondent can stand.

He and his wife testified as to the assault and his condition right after it occurred. Two physicians gave as their opinions that the condition of which he complained was the result of the assault. This was sufficient, if believed by the jury, to warrant a finding to that effect.

■ During his argument to the jury, counsel for the respondent stated, "The doctors for this defendant [the appellant] are under the thumb of the Department." An objection was made to the statement, but the court was not asked to instruct the jury to disregard it. Counsel then said, "These doctors have testified they have treated many of these cases, and I say they are under the thumb of the Department." The trial judge then said to counsel, "You are outside the record. Go on with something else." No application was at that time made by counsel for the appellant for an order declaring a mistrial and discharging the jury.

We have held that, in order to claim error because of misconduct of counsel in his argument to the jury, an objection alone is not sufficient, but the court must be requested to act, unless the misconduct was so flagrant that no instruction would cure it. *Vanderveer v. Hillman,* 122 Wash. 684, 211 Pac. 722. The action of the trial judge, of his own motion, was not only a rebuke to counsel, but also clearly indicated to the jury that his remarks were improper. We do not think it can be said that this episode affected the conclusion reached by the jury on the merits of the case.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.