[No. 3102–3.   Division Three.   December 18, 1979.]

*In the Matter of* JASON A. LUNTSFORD.

*Andrew C. Braff* and *Lowry & Braff*, for appellant.

*Greg M. Devlin, Prosecuting Attorney*, for respondent.

GREEN, C.J.—Richard Luntsford appeals the permanent deprivation of his son, Jason. Three questions are presented: (1) Is the deprivation supported by substantial evidence? (2) Are the opinions of certain lay witnesses admissible? and (3) Was Arlene Green qualified as an expert witness?

As to the first question, clear, cogent, and convincing evidence is necessary to deprive a parent of the care, custody, and control of his children. This translates into an evidentiary showing that the ultimate fact in issue is highly probable. *In re Sego*, 82 Wn.2d 736, 739, 513 P.2d

831 (1973). Here, the ultimate fact in issue is whether deprivation was in the best interests of Jason. *In re Palmer,* 81 Wn.2d 604, 503 P.2d 464 (1972).

The testimony of various witnesses depicted Richard as an illiterate man unable to hold employment and an excessive user of drugs and alcohol. His relationship with Jason's mother, Christine, was scarred by his physical abuse of her both during and after their marriage. On April 13, 1977, Christine was killed in an automobile accident. Richard, while intoxicated, was driving the automobile at the time of the accident and was convicted of negligent homicide. Throughout Jason's life, his father's overall interest in him has been at best sporadic. For example, he has failed to contribute support for Jason. He also demonstrated an unwillingness or inability to discipline Jason during the time he was in the home. Our examination of the record convinces us that the deprivation is supported by the requisite quantum of evidence.

Second, it is contended that the testimony of several lay witnesses should not have been admitted. We find no error.

■■ It is contended that Donna McClung should not have been allowed to testify regarding Richard's capability as a parent. This contention fails for three reasons. To begin with, the objection to her testimony was not timely made. In order for an objection to be timely, an attempt must be made to object before the witness answers. Counsel is not allowed to gamble upon the possibility of a favorable answer. *Seth v. Department of Labor & Indus.,* 21 Wn.2d 691, 152 P.2d 976 (1944). Even if the objection is timely, it will not be considered on appeal unless accompanied by a motion to strike the objectionable testimony. *State v. Jones,* 70 Wn.2d 591, 424 P.2d 665 (1967); *State v. Richard,* 4 Wn. App. 415, 482 P.2d 343 (1971). Here, the objection was entered only after the witness had answered with two lengthy sentences, and that objection was not accompanied by a motion to strike. In any event, the testimony was admissible. Ms. McClung testified by inferences drawn from her observations of Richard, Christine, and Jason. A

lay witness may testify in terms of inferences or impressions, provided that the inferences are drawn from observations which are difficult to describe precisely. *Church v. West,* 75 Wn.2d 502, 452 P.2d 265 (1969). A witness' observation of the interaction between a parent and a child falls within the ambit of this rule. We find no error. *See also* ER 701 and the comment.

■ It is claimed that the opinion of Barbara Brown as to the best interests of Jason should not have been admitted into evidence. However, the objection in the trial court, although timely, did not specify the grounds. In that instance, the error, if any, is considered waived for purposes of appeal. *Ryan v. Westgard,* 12 Wn. App. 500, 510, 530 P.2d 687 (1975); E. Cleary, *McCormick on Evidence* § 52, at 113 (2d ed. 1972).

It is also claimed that the opinion of Orland Hays regarding Richard's ability as a good father, was admissible. We find no error. Whether Richard is a "good father" is not an inference and not admissible under *Church v. West, supra.* Furthermore, it was repetitious. Hays had already testified favorably for Richard concerning his observations of Richard and Jason. Little if anything could be added by allowing Hays to state that Richard was a good father. Hence, the trial court did not abuse its discretion in excluding the testimony.

■ Finally, error is assigned to the admission of opinion testimony of Arlene Green, a caseworker, on the basis that she did not qualify as an expert witness.[1] Our courts have long been committed to the rule that whether a witness is qualified as an expert is a matter within the discretion of the trial judge. *Weber v. Biddle,* 72 Wn.2d 22, 24, 431 P.2d 705 (1967). Ms. Green holds a B.A. in sociology, special

---

[1]Ms. Green never spoke with Richard during her investigations. Although this demonstrates an impersonal attitude in an area of a most personal nature, this did not disqualify her as a witness. Her testimony was restricted to her evaluation of Jason's situation during the time Richard was incarcerated. In any event, her failure to talk to Richard would only affect the weight of her testimony, not its admissibility.

work, and an M.A. in sociology. She has 7 years' experience in child welfare. Even if the qualifications of the witness are "fairly debatable," as the parties' contentions seem to indicate, the trial court's exercise of discretion will not be reversed on appeal. *Hill v. C & E Constr. Co.,* 59 Wn.2d 743, 746, 370 P.2d 255 (1962); *Levea v. G.A. Gray Corp.,* 17 Wn. App. 214, 220–21, 562 P.2d 1276 (1977).

Affirmed.

McINTURFF and ROE, JJ., concur.