[No. 38623.    Department One.    March 2, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD JONES et al., *Appellants*.\*

\*Reported in 424 P.2d 665.

*George W. Dixon* and *Ralph K. Johnson* (Appointed counsel for appeal), for appellants.

*John G. McCutcheon* and *Hugh E. Fountain, Jr.,* for respondent.

BARNETT, J. †—By an amended information the defendants were jointly charged with robbery. The jury returned a verdict of guilty. From a judgment rendered upon the verdict defendants have appealed to this court.

The testimony produced at the trial tended to establish that at about 10 p.m., on June 10, 1965, defendant John C. Ringwood approached the owner of the Little Park Cafe, Spanaway, Pierce County, in a back room of the cafe, pointed a gun at the owner's back and demanded the money that was in the kitchen; that defendant Richard Jones was with John Ringwood in the cafe at this time; that after Ringwood took the money he and Jones left the cafe together.

Plaintiff's witness, Arnold W. Wiskirken, testified that he was a Washington State Trooper on June 10, 1965, and on that date received a call that the Little Park Cafe had been robbed and to be on the lookout for four subjects, two males and two females in a blue 1965 Ford. About 11 p.m. that night he and Trooper Randy C. Pepper stopped a 1965 Ford about 8 miles from the scene of the crime with four persons in it, the two appellants, John Redden and LeAnn Jones. All four were arrested. Trooper Wiskirken testified he found a .22 pistol and a rifle in the car.

B. R. Regan, a detective with the Pierce County sheriff's office, testified that he investigated the robbery and collected certain dishes at the scene of the crime allegedly being those from which the defendants had eaten. Another witness for the prosecution testified that he lifted finger-

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

prints from the dishes B. R. Regan said he found at the scene of the crime and that these fingerprints matched the fingerprints of the defendants.

The defendants' first assignment of error is based upon the refusal of the trial court to try the defendant Jones without a jury.

On the first day of the trial and before the jury was empaneled the court was informed by counsel for Richard Jones that Jones objected to being tried by a jury. The court at that time was also informed that John Ringwood desired to proceed with a jury trial. Counsel for Jones stated to the court:

[B]ut I should also make clear for the record that until we walked into court this morning . . . I was planning on a jury trial, and I knew nothing about his desires in not wanting a jury trial. Now, I think the Court should interrogate my client to make sure of his desires in this matter.

THE COURT: All right, I will do that. Mr. Jones, . . . . Is it my understanding that you do not desire to be tried by a jury?

MR. JONES: No, I thought I was coming down here to be tried by a judge this morning.

The court informed the parties that he would try Jones without a jury and Ringwood with a jury, but that the trials would proceed simultaneously, whereupon defendant Jones objected to this procedure. The court then stated:

Circumstances being what they are now, the request for waiver of the jury having come only on the morning of the trial, and sensing that perhaps there is some maneuvering by someone perhaps a wee bit experienced in the ways of the law, I will now rule I will not consent to waiver to a jury trial.

The statute applicable to the question raised is RCW 10.01.060 which provides in part:

That except in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court.

594

Defendants admit that it is discretionary with the trial court as to whether it will or will not approve a defendant's request to be tried without a jury. It is urged, however, that the court must exercise a judicial discretion and that there was an abuse of such discretion in this case since the trial court did not interrogate Jones or his counsel as to the reasons Jones had for requesting a nonjury trial.

The answer to this argument is that the court was willing to grant the request to be tried by the court made by Jones. The granting of such a request was only conditional upon the circumstance that the two trials proceed simultaneously. Jones objected to this procedure and lost the assent of the trial court.

We hold that there was no abuse of discretion involved in the facts as presented on this appeal. The defendants were afforded their constitutional rights to a trial by a jury of their peers. No attempt has been made to establish how they were prejudiced in a denial of a nonjury trial for the defendant Jones. To justify interference by a reviewing court in cases where it is alleged that a trial court abused its discretion, proof that the discretion exercised was clearly untenable or manifestly unreasonable is required. *Abel v. Abel,* 47 Wn.2d 816, 289 P.2d 724 (1955) and cases therein cited. *Cf. Devine v. Goggin,* 69 Wn.2d 144, 417 P.2d 606 (1966).

Assignment of error No. 2 relates to the endorsement of B. R. Regan as a witness during the trial and a denial of the defendants' motion for a continuance to meet his testimony. B. R. Regan of the Pierce County sheriff's office was called as a witness, however, his name was not endorsed on the list of witnesses furnished the defendants. There was an endorsement of a B. R. Ryan. The state had intended to endorse the name of B. R. Regan. It appeared that the endorsement of B. R. Ryan was a typographical error. The court stated that he would permit the endorsement after the morning recess and permitted the defendants' counsel to interview B. R. Regan during the recess. After the interview a motion for a continuance was requested by defendants, but it was denied.

The defendants argue that the court erred in not granting a continuance so that they could prepare to meet the testimony of Regan, basing the request on the fact that Regan's name was not endorsed on the witness list in compliance with RCW 10.37.030. They contend that the recess interview did not give them sufficient time.

In ruling upon the motion for a continuance the trial court said:

[I]t is not being suggested that any inquiry was made of the Prosecuting Attorney as to what the meaning of the name "Ryan" is, what is significant, and while I agree the primary duty is on the State to furnish an accurate list, the list, however, is furnished for the benefit of defense counsel so they may go and talk to the witnesses, there is nothing wrong with defense counsel talking to the witnesses ahead of time. Had they asked for further assistance of the State and been denied . . . I would probably take a different view . . . . There is no indication that anyone asked the Prosecutor, . . . "Where can we get hold of Ryan. Who is Ryan? . . ."

The record indicates that there was a very thorough cross-examination of Mr. Regan and no further continuance was requested for the purpose of interviewing rebuttal witnesses or securing rebuttal testimony.

■ Upon our review of the record we find that the ruling of the trial court in endorsing the name of Regan and denying the motion for a continuance was correct. The applicable statute, RCW 10.37.030, provides that the prosecuting attorney shall

[A]t the time the case is set for trial . . . file with the clerk a list of the witnesses which he intends to use at the trial and serve a copy of the same upon the defendant, . . . . Either party may add such additional names at any time before trial as the court may by order permit, . . . .

We have held that compliance with this statute is not mandatory and that in order to constitute grounds for reversal, such failure to comply must result in either an abuse of discretion by the trial court or some substantial injury to

the defendant, *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966) and cases therein cited.

In this case the defendants were permitted to interview the witness; after cross-examination there was no further request for a continuance to secure rebuttal witnesses and there is no showing in this court as to why a failure to grant a continuance would be prejudicial to the defendants.

The next assignment of error deals with the testimony of a person also charged with the crime involved in this case who agreed to testify for the state. LeAnn Jones and the defendants were jointly charged with armed robbery. Mrs. Jones had already pleaded guilty and was called as a witness for the state in this trial of the defendants Richard Jones and John Ringwood. On cross-examination LeAnn Jones testified that the sentence imposed upon her was "a twenty-year suspended sentence plus six months in the Pierce County Jail."

Further cross-examination of the witness elicited the following: She had promised her lawyer that as a condition for receiving a lenient sentence she would testify in behalf of the state and that she had made a statement to the prosecuting attorney on the night of the alleged robbery which she would change in return for a promise of leniency in sentencing. On redirect-examination LeAnnn Jones testified in substance that she was advised by her counsel that the court would make the decision as to what the sentence would be and also that the court was not bound to accept his (her counsel) recommendations or those of the prosecuting attorney. There was also elicited from the witness that before she made her second statement about the alleged robbery a detective had promised her leniency; that she was told they would contact the prosecutor's office and that the charges were dropped; that it was a shock to her when the charges were not dropped. However, she did not change her second story when she learned that charges were still pending against her. When brought before the court for sentencing LeAnn Jones advised the court that she had been convicted of a misdemeanor; that she could

not disassociate herself from the defendants because they would have killed her if she ran away or turned them in. She also testified on redirect that she knew the defendants had committed two other robberies.

Defendants now argue to this court that the trial court erred in permitting LeAnn Jones to testify with reference to what she told the court when brought before it for sentencing regarding other crimes allegedly committed by the defendants. In answering this contention we note that when the testimony unfolded there was no objection to the questioning. It was not until after the witness had testified that counsel for one of the defendants objected in the following manner: "I would like to object to the whole line of questioning. I think it's irrelevant and I think counsel is doing this to inflame the situation."

■ Testimony admitted without objection is not reviewable on appeal. *State v. Bezemer*, 169 Wash. 559, 14 P.2d 460 (1932). The specific rule about objections applicable to the particular facts in this case is that the objection must be made when testimony is offered and an objection to a question after it has been answered comes too late. *State v. Evans*, 57 Wn.2d 288, 293, 356 P.2d 589 (1960). In *Evans* the court held "An objection to the admission of testimony will not be considered by this court on appeal if it is not timely made in the trial court," where the objection was not made until all the evidence on the particular matter was in the record.

In *Seth v. Department of Labor & Indus.*, 21 Wn.2d 691, 693, 152 P.2d 976 (1944), a statement of the rule and its rationale was quoted from 8 Bancroft, Code Practice and Remedies, § 6446 at 8496:

> "In order to preserve the question for appellate review, generally a party must object to improper questions and inadmissible evidence at his earliest opportunity. When a question is asked by opposing counsel, a party may not remain silent, speculate upon an answer being favorable, and, when disappointed, make a motion to strike out the answer. Where, however, there is no opportunity to interpose an objection, or if it is not apparent from the

question propounded that the response thereto will be inadmissible, a motion to strike is necessary and sufficient."

Assuming, but not deciding that the grounds for the objection were sufficient, the objection was not timely made. No objections were interposed to the questions when they were propounded; counsel remained silent until the witness had answered. There was no motion to strike the testimony. When the subject as to what transpired at the sentencing of the witness arose counsel for the defendants was admonished by the trial judge in these words: "You will have to make your objection as they come, . . . . " Notwithstanding this admonition counsel remained silent until the questions had been answered. There is no contention that there was no opportunity for the interposition of objections by defendants' counsel or that the response could not be foreseen as inadmissible. We conclude, therefore, that the assignment of error based on the testimony of LeAnn Jones is not well taken.

Defendants' last assignment of error concerning the introduction of fingerprints of the defendants taken from dishes sequestered at the scene of the robbery by the police investigators is without merit.

Judgment affirmed.

ROSELLINI, OTT, HUNTER, and HALE, JJ., concur.

May 3, 1967. Petitions for rehearing denied.