[No. 40327.    Department One.    June 19, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. NORVAL HOUSTON GILMORE, *Appellant.**

*Landon R. Estep*, for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *William L. Dowell*, for respondent.

*Reported in 456 P.2d 344.

ENNIS, J.†—Norval Houston Gilmore, an osteopathic physician, was convicted by a jury of 12 counts of obtaining a narcotic drug by fraud, deceit, misrepresentation, or subterfuge in violation of the Uniform Narcotic Drug Act. (RCW 69.33) From entry of the judgment and sentence he has appealed.

The facts, as established from the trial record, are that during the period from August, 1966 to January, 1967, several pharmacists received prescriptions for narcotic drugs which were prepared and presented by appellant. Two of the pharmacists who filled several prescriptions testified that although they could not remember the specific details of each incident, they could recall from consulting the particular prescriptions in their files that the prescriptions were prepared and presented by appellant personally. They had continued dealings with appellant and knew him by sight. Three of the pharmacists specifically remember appellant as the doctor who prepared and presented prescriptions to them in each instance. All of the prescriptions were introduced into evidence. Without going into detail, the patient's name listed on the various prescriptions either did not exist at the address given, or did exist but had not received the drugs obtained by the prescriptions prepared by appellant.

■ Appellant first assigns error to the trial court's failure to grant a motion to dismiss, at least with regard to the first eight counts of the information. Appellant alleges that there was insufficient evidence to constitute a prima facie case because the two pharmacists who testified regarding those counts could not recall the details of any specific transaction by which the narcotics were obtained. We said in *State v. Etheridge*, 74 Wn.2d 102, 443 P.2d 536 (1968) at 110:

> A challenge to the sufficiency of the evidence admits the truth of the evidence of the party against whom the challenge is made and all inferences that can reasonably be drawn from such evidence, and requires that the evi-

†Judge Ennis is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

dence be interpreted most strongly against the challenger and in the light most favorable to the opposing party.

■ Although the pharmacists who testified concerning the first eight counts could not remember specific details, they did testify that they remembered presenting the various narcotic drugs to appellant personally on a number of occasions. Their testimony concerning the particular date, patient, and narcotic drug supplied in each instance was based upon the actual prescriptions taken from their files, bearing their signatures, and introduced into evidence. The fact that the pharmacists could not remember specific details affected only the weight to be given their testimony, but did not prevent the jury from considering it. The patients listed on seven of the first eight prescriptions, representing the first eight counts, testified that they never received drugs from appellant. The patient listed on the seventh prescription, William Primm, did not live at the address given. Richard A. Prim testified that he lived at the address on the seventh prescription, but did not know a William Primm, was never himself treated by appellant, and never received drugs from him. With regard to the first eight counts, a review of the evidence and all inferences which can reasonably be drawn therefrom convinces us that there was sufficient evidence to submit to the jury.

■ Appellant secondly assigns error to the trial court's endorsement of two additional state witnesses after the beginning of the state's case. RCW 10.37.030 provides that at the time a case is set for trial the prosecuting attorney shall file with the clerk a list of witnesses which he intends to use at trial. We have said that in order to constitute grounds for reversal, noncompliance with this statute must either result in an abuse of discretion by the trial court or in substantial injury to the defendant. *State v. Jones*, 70 Wn.2d 591, 424 P.2d 665 (1967).

We fail to see how appellant was prejudiced by the belated endorsement of these two witnesses. The prosecutor admitted that his failure to endorse them was an oversight, but he had listed them on a proposed list of witnesses, a

copy of which he gave to appellant's attorney. When the witnesses were proposed, the trial court granted a recess from 12 through the lunch hour until 2:30 p.m., specifically to allow appellant's attorney to question the witnesses. Appellant's attorney did talk to the witnesses, and when the court reconvened he requested no further continuance. At no time did appellant indicate he needed more time to prepare for the testimony of the additional witnesses or to secure rebuttal witnesses. It is clear that the trial court did not abuse its discretion in allowing those witnesses to testify.

■ Appellant also contends the trial court erred in allowing these same two witnesses, both pharmacists, to testify concerning alleged collateral criminal acts of appellant. While this court adheres to the general rule that evidence of collateral crimes is inadmissible, we have also recognized several exceptions to this rule. Such evidence is admissible if it tends to establish motive, intent, absence of accident or mistake, a common scheme or plan, or identity. *State v. Harrison*, 72 Wn.2d 737, 435 P.2d 547 (1967).

Prior to the testimony of these two witnesses, other state witnesses established that, concerning the last four counts, appellant had presented prescriptions for narcotics bearing the names of William Davis, Cynthia Taylor, and Beverly Tuber as patients, all listed as residing at 43 West Dravus. The two witnesses in question testified that they each filled a prescription for a narcotic drug, exhibits 14 and 15, prepared and presented by appellant which designated the patient as Kay Morgan and the address as 43 West Dravus. Kay Morgan (maiden name) then testified that she resided at 43 West Dravus, that she knew no William Davis, Beverly Tuber or Cynthia Taylor, and that she had been under appellant's care at one time but did not receive the drugs procured by the two prescriptions. The court instructed the jury in instruction No. 10 as follows:

State's exhibits 14 and 15 have been admitted in evidence for the limited purpose of being considered by you solely to the extent that said exhibits may or may not establish the existence of any required intent or identity,

or in so far as they may show or fail to show the existence of any motive or common scheme or design.

We feel that the evidence of which appellant complains falls within the recognized exceptions to the general prohibition against evidence of collateral criminal acts. The evidence tended to show not only a common scheme or plan, but that appellant could not have been mistaken in listing other patients as residing at 43 West Dravus when he procured the drugs represented by counts 9 through 12. The evidence tended to show that he knew who actually lived at 43 West Dravus. A critical element of the state's case was to prove that appellant obtained narcotic drugs by fraud or subterfuge, and these two witnesses laid the foundation to establish the absence of any mistake concerning these counts. Futhermore, the prosecutor informed the court prior to their testimony that the witnesses were going to testify for that limited purpose only. Finally, the jury was also informed, through instruction No. 10, of the limited scope of exhibits 14 and 15 introduced through the two witnesses. We are satisfied that no error was committed in allowing the two pharmacists to testify as to collateral acts and consequently in allowing the introduction of exhibits 14 and 15.

Finally, appellant contends that the trial court erred in not granting him a new trial upon the ground that he was not adequately represented by counsel at trial. We have said that the test for determining the competency of counsel is whether, after considering the entire record, it can be said that the accused was afforded an effective representation and a fair and impartial trial. *State v. Queen,* 73 Wn.2d 711, 440 P.2d 461 (1968); *State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967); *State v. Piche,* 71 Wn.2d 583, 430 P.2d 522 (1967).

Initially it must be pointed out that appellant's counsel, a long time member of the Washington Bar Association, was retained by appellant, not appointed, appeared for appellant at a pretrial hearing, and had successfully represented appellant on another charge. The main thrust of

appellant's complaint is that his counsel did not communicate with him prior to trial and refused to take his suggestions with respect to trial tactics. Our review of the record discloses that appellant's counsel cross-examined the state's witnesses at length, made and adequately argued several motions prior to, during and following the trial, and generally evidenced an adequate background in the specific body of law involved in this case. His alleged incompetence did not come to the trial court's attention until the time of sentencing, when counsel informed the court that he had been discharged and appellant voiced his charges of incompetence. These charges are not reflected in the record, and we feel appellant was effectively represented and afforded a fair and impartial trial.

The judgment is affirmed.

HUNTER, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.