[No. 512-41014-1.   Division One—Panel 1.   December 7, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVIE FRANKLIN WILSON, *Appellant*.

*Horswill, Keller, Rohrback, Waldo & Moren* and *Nelson Christensen,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *James J. Lamont, Deputy,* for respondent.

UTTER, J.—Appellant was convicted of burglary in the

second degree. His counsel's brief sets out four possible assignments of error conceding, however, that each is without merit. *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). We have reviewed these possible assignments and find them not well taken.

Numerous documents have been filed by appellant alleging additional errors. These raise one issue which deserves comment. It is contended two statements made by the deputy prosecuting attorney in his opening argument were improper.[1]

Appellant urges the first statement improperly implied to the jury he had prior contact with Officer Sorenson and the Seattle Police Department. We do not agree.

■■ The opening statement may refer to admissible evidence expected to be presented at trial. *State v. Piche,* 71 Wn.2d 583, 430 P.2d 522 (1967), *cert. denied,* 390 U.S. 912, 19 L. Ed. 2d 882, 88 S. Ct. 838 (1968). Evidence that the accused committed or may have been party to the commission of another crime is admissible when introduced to establish his identity. *State v. Gilmore,* 76 Wn.2d 293, 456 P.2d 344 (1969); *State v. Hennings,* 3 Wn. App. 483, 475 P.2d 926 (1970). Reference to Officer Sorenson's prior contact with the appellant was proper as it was admissible to prove the appellant's identification.

Appellant contends the second objectionable portion of the opening statement improperly called the jury's attention to the fact that he might not take the witness stand and arguably forced him to take the witness stand in his own defense, in violation of article 1, section 9 of the Wash-

---

[1]The allegedly improper statements were: "[Sergeant Sorenson] . . . will testify he was walking north down 1st Avenue when all of a sudden from this area he met or came in contact with the defendant, Davie Franklin Wilson, *whom he recognized from prior contact with Mr. Wilson.*

". . .

"I ask that you pay the closest attention to the witnesses, that you keep your minds open throughout the entire testimony, giving to Mr. Wilson the opportunity, should he present a defense so you can listen to both sides before you make up your minds, so that you will be fair to both the State and to Mr. Wilson." (Italics ours.)

ington State Constitution and the fifth amendment to the United States Constitution.

■ Comment by the prosecution on the accused's exercise of his right to remain silent is not permitted. *Griffin v. California*, 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965); *State v. Paschall*, 182 Wash. 304, 47 P.2d 15 (1935). The determination of what remarks constitute misconduct during an opening statement to the jury, however, must take into account the particular circumstances of each case and is therefore left to the sound discretion of the trial court. *State v. Lyskoski*, 47 Wn.2d 102, 287 P.2d 114 (1955); *State v. Hart*, 26 Wn.2d 776, 175 P.2d 944 (1946), *cert. denied*, 332 U.S. 750, 92 L. Ed. 337, 68 S. Ct. 78 (1947).

The trial court did not abuse its discretion by denying appellant's motion for a mistrial. The record fails to reveal bad faith or a deliberate attempt by the deputy prosecuting attorney to coerce the defendant to waive his right to remain silent. The deputy prosecutor was merely making an attempt to encourage the jury to pay close attention and to give a fair consideration to both sides. Such a statement, while not recommended, does not constitute reversible error and we find no abuse of discretion by the trial court. *Taylor v. United States*, 390 F.2d 278 (8th Cir. 1968), *cert. denied*, 393 U.S. 869, 21 L. Ed. 2d 137, 89 S. Ct. 154 (1968).

Counsel's requested permission to withdraw is granted. The appeal is dismissed and the judgment and sentence are affirmed.

JAMES, C. J., and SWANSON, J., concur.