[Nos. 20050-7-III; 20521-5-III; 20686-6-III. Division Three. February 13, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. SHAWN M. O'BRIEN, *Appellant*.

*Philip E. Nino*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III*, for respondent.

KATO, A.C.J. — These cases, which we consolidate for this decision, challenge a court's authority to include a domestic violence no-contact order as a condition of a juvenile dispo-

sition. We conclude the court does have such authority and affirm the order and Shawn O'Brien's subsequent convictions.

Mr. O'Brien, a juvenile, pleaded guilty to third degree malicious mischief, harassment, and fourth degree assault. As a condition of its disposition, the court entered a domestic violence criminal protection order, restraining Mr. O'Brien from having any contact with the victim, Jessica Vince.

Mr. O'Brien appealed the no-contact order. While the appeal was pending, he was charged with and convicted of two separate violations of the no-contact order. He also has appealed these additional convictions. The issue in all three appeals is the validity of the original no-contact order.

The meaning and purpose of a statute is a question of law, subject to de novo review. *State v. Hansen*, 122 Wn.2d 712, 717, 862 P.2d 117 (1993).

> Under rules of statutory construction each provision of a statute should be read together (in para materia) with other provisions in order to determine the legislative intent underlying the entire statutory scheme. The purpose of interpreting statutory provisions together with related provisions is to achieve a harmonious and unified statutory scheme that maintains the integrity of the respective statutes. Statutes relating to the same subject will be read as complementary, instead of in conflict with each other.

*State v. Chapman*, 140 Wn.2d 436, 448, 998 P.2d 282 (footnotes omitted), *cert. denied*, 531 U.S. 984 (2000).

RCW 10.99.040(2)(a) authorizes a court to enter a no-contact order in a case in which a person is charged with a crime involving domestic violence. Domestic violence includes various crimes (including assault and malicious mischief) "when committed by one family or household member against another." RCW 10.99.020(3). In this context, "family or household member" includes

> spouses, former spouses, persons who have a child in common regardless of whether they have been married or have lived

together at any time, adult persons related by blood or marriage, adult persons who are presently residing together or who have resided together in the past, persons sixteen years of age or older who are presently residing together or who have resided together in the past and who have or have had a dating relationship, *persons sixteen years of age or older with whom a person sixteen years of age or older has or has had a dating relationship*, and persons who have a biological or legal parent-child relationship, including stepparents and stepchildren and grandparents and grandchildren.

RCW 10.99.020(1) (emphasis added). A no-contact order may be made a condition of a sentence for a person who has been convicted of a crime. RCW 10.99.050(1). Willful violation of a no-contact order is a gross misdemeanor or felony. RCW 10.99.040(4)(a); RCW 26.50.110(1), (4)-(5).

It is undisputed that Mr. O'Brien was over the age of 16 and had had a "dating relationship" with Ms. Vince, who was also over the age of 16. *See* RCW 10.99.020(2); RCW 26.50.010(3). The court therefore was authorized to enter the domestic violence no-contact order barring Mr. O'Brien from contacting Ms. Vince.

Mr. O'Brien points out that juvenile courts have exclusive, original jurisdiction over all proceedings "[r]elating to juveniles alleged or found to have committed offenses." RCW 13.04.030(1)(e). The point of this argument is not clear. Mr. O'Brien was a juvenile found to have committed several offenses, and the juvenile court thus properly exercised its jurisdiction over him.

■ Mr. O'Brien further points out that the basic juvenile court act lists various offenses for which juveniles may be sanctioned. *See* RCW 13.40.0357. Because violation of a domestic violence no-contact order is not listed there, he reasons, violation of such an order cannot be an offense for which a juvenile may be sanctioned. However, RCW 13-.40.0357 does not attempt to list *all* juvenile offenses. In fact, it expressly provides for "[o]ther" offenses equivalent to adult Class A, B, or C felonies, gross misdemeanors, and

misdemeanors.[1] The statute thus generally provides for prosecution and conviction in juvenile court for any act that, if committed by an adult, would be a crime. *See* RCW 13.40.020(19). There is no merit to Mr. O'Brien's contention that the no-contact order imposes an "adult" penalty in a juvenile adjudication.

■ Finally, Mr. O'Brien contends the rule of lenity requires that the court interpret the statutory scheme in his favor. "Where two possible constructions are permissible, the rule of lenity requires us to construe the statute strictly against the State in favor of the accused." *State v. Gore*, 101 Wn.2d 481, 485-86, 681 P.2d 227 (1984). Although Mr. O'Brien attempts to show the statutory language is inartful, he has not articulated a construction that logically accommodates the legislature's clear intent to authorize courts to impose domestic violence no-contact orders on offending juveniles. Thus there are not "two possible constructions," and the rule of lenity does not apply.

The no-contact order and the subsequent convictions are affirmed.

SWEENEY and KURTZ, JJ., concur.

---

[1] The statute does list the offenses of violation of orders of restitution, community supervision, and confinement. Mr. O'Brien refers to a footnote to this provision, permitting a court to impose 30 days of confinement for such a violation. The domestic violence no-contact order here is not an order of restitution, community supervision, or confinement. Thus there is no merit to Mr. O'Brien's argument that the statutory scheme permits only 30 days of confinement for violation of a domestic violence no-contact order.