[Nos. 50782-6-I; 50783-4-I.   Division One.   July 21, 2003.]

THE STATE OF WASHINGTON, *Petitioner*, v. JAMES GREGORY OAKLEY, *Respondent*.

THE STATE OF WASHINGTON, *Petitioner*, v. CYNTHIA CHADWICK, ET AL., *Respondents*.

---

[21] *State v. Carson*, 128 Wn.2d 805, 815, 912 P.2d 1016 (1996).

*Norm Maleng, Prosecuting Attorney,* and *Christy J. Craig, Deputy,* for petitioner.

*Peter A. Camiel* (of *Mair & Camiel, P.S.*), for respondent Oakley.

*William A. Bowman* and *Andrea T. King* (of *Fox Bowman Duarte, P.L.L.C.*), for respondent Chadwick.

*Terri Ann Pollock* (of *Society of Counsel Representing Accused Persons*), for respondent Asui.

COLEMAN, J. — The State demanded jury trials for each of the misdemeanor defendants in this case. The district court denied each demand because the defendants waived their rights to a jury trial and elected instead to proceed with a bench trial. The State filed writs of certiorari with the superior court. The superior court denied the writs, ruling that Washington statutes and court rules do not grant the State the right to demand a jury trial over a defendant's objection and, to the extent they do so, they violate the state constitution. We reverse. Washington statutes unambiguously require district courts to hold a jury trial when the State demands one. And those statutes are not unconstitutional because the Washington Constitution guarantees defendants only a jury trial, not the right to demand a bench trial.

## FACTS

In three separate matters, the State filed misdemeanor charges against James Oakley, Cynthia Chadwick, and Robert Asui. In each case, the defendants signed a written waiver of their right to jury trial, but the State made a timely demand for a jury trial under CrRLJ 6.1.1. A district court judge denied each of the State's jury trial demands. The State filed writs of certiorari in the superior court for each case. The superior court consolidated the three cases for oral argument. After hearing argument, the superior court denied the State's writs. This court granted discretionary review and consolidated the cases on appeal in

order to address the significant question of constitutional law and public interest they raise.

## STATUTORY INTERPRETATION

Respondents first argue that Washington statutes and court rules are ambiguous or in conflict as to whether, in criminal cases, a district court must impanel a jury when the State demands one and the defendant objects. But the legislature's intent is not ambiguous. The State has a statutory right to demand a jury trial in district court, even over a defendant's objection.

When construing a statute, our goal is to give effect to the legislature's intent. We look first to the statute's plain language. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001). When a statute's language is unambiguous, we will not alter its plain meaning by construction. *State v. Bostrom*, 127 Wn.2d 580, 586-87, 902 P.2d 157 (1995).

"[W]here two criminal statutes, when read together, are susceptible to more than one reasonable, but irreconcilable, interpretation, the rule of lenity applies. Under that rule, we . . . strictly construe the statutes in favor of the defendant." *In re Sentence of Kindberg*, 97 Wn. App. 287, 294, 983 P.2d 684 (1999). But we will not apply the rule of lenity where statutes are unambiguous or can be reconciled in a way that reflects the legislature's clear intent. *See State v. O'Brien*, 115 Wn. App. 599, 603, 63 P.3d 181 (2003).

Both RCW 3.66.010 and 10.04.050 unambiguously grant the State the right to demand a jury trial in district court. RCW 3.66.010(1) provides that "[t]he district court shall, upon the demand of either party, impanel a jury to try any civil or criminal case . . . ." RCW 10.04.050 likewise provides that in district court trials, "the defendant or the state may demand a jury . . . ." The trial court construed this language to mean that the court should honor the State's jury demand only if the defendant consents. But that construction overlooks the plain meaning of the word

"demand" and ignores the plain language in RCW 3.66.010 directing that the court "shall" impanel a jury when either party demands one. There is simply no other reasonable construction of this language other than one giving the State the right to compel a jury trial in district court.[1]

The defendants also argue that Washington statutes and court rules regarding jury trial waiver are in conflict. They are not. RCW 10.01.060 allows a criminal defendant to waive the right to jury trial with the court's consent:

> No person informed against or indicted for a crime shall be convicted thereof, unless by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court: PROVIDED HOWEVER, That except in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court.

Respondents argue that this statute represents a legislative decision to give the judge and defendant the only voices in determining whether the defendant's trial will be by jury or by judge. They therefore argue that this statute is in irreconcilable conflict with the requirement in RCW 3.66.010 that the court impanel a jury when the State demands one. They further urge us to construe the court rules in their favor and hold, as did the trial court, that RCW 3.66.010 and RCW 10.04.050 grant the State the right to demand a jury trial only when the defendant consents.

But RCW 10.01.060, while silent on the State's right to demand a jury trial, does not purport to grant a defendant the right to demand a bench trial. The statute merely allows the court to proceed without a jury in the event that defendants "waive" the right to jury and "submit" to trial by the court. RCW 10.01.060. The use of those words neither expresses nor implies the establishment of a right on the part of the defendant, but instead addresses the appropri-

---

[1] Washington court rules governing courts of limited jurisdiction also allow the State to demand a jury trial in district court proceedings. CrRLJ 6.1.1.

ateness of the court proceeding without a jury when the defendant gives up the right to have one. There is nothing inconsistent about stating in one place that a defendant may give up a right, while stating in another place that the State may assert the same right.

We therefore hold that Washington statutes unambiguously require the district court to impanel a jury when the State timely demands one.[2] The question that remains is whether the legislature violated the Washington Constitution by granting the State the right to make such a demand over a defendant's objection.

## CONSTITUTIONAL ANALYSIS

Respondents argue that the above interpretation of Washington statutes and court rules violates the Washington Constitution. But a defendant's right to trial by jury does not give the defendant the opposite right to demand a bench trial. The legislature therefore did not violate the state constitution when it granted the State the right to demand a jury trial over the defendant's objection.

When this court analyzes the constitutionality of a statute, we begin with the presumption that a legislative act is constitutional. *State v. Heckel*, 143 Wn.2d 824, 832, 24 P.3d 404 (2001). The party challenging the statute has the burden of proving it unconstitutional beyond a reasonable doubt. *Heckel*, 143 Wn.2d at 832. This high burden recognizes a degree of deference to the legislature, which is a coequal branch of government sworn to uphold the constitution and presumed to have considered the constitutionality of its enactments. *Island County v. State*, 135 Wn.2d 141, 147, 955 P.2d 377 (1998). In addition, the state constitution gives the legislature the authority to prescribe the

---

[2] Respondents argue that we should review this case only for abuse of discretion. We disagree. That standard of review does indeed apply where a trial court rejects a defendant's jury waiver. *See State v. Jones*, 70 Wn.2d 591, 594, 424 P.2d 665 (1967). That is because Washington statutes give the trial court the discretion to reject jury waivers. *See* RCW 10.01.060; CrRLJ 6.1.1. But where either party demands a jury, the above statutes do not give the district court any discretion; the court must impanel a jury upon a timely demand.

jurisdiction and powers of courts of limited jurisdiction. CONST. art. IV, § 12. District courts must therefore abide by the procedures set forth by the legislature unless those procedures are unconstitutional.

In *Singer v. United States*, 380 U.S. 24, 85 S. Ct. 783, 13 L. Ed. 2d 630 (1965), the United States Supreme Court held that a criminal defendant has no right to a nonjury trial under the federal constitution. In *Singer*, the Court upheld a federal rule of criminal procedure requiring the government's consent for a criminal defendant's jury trial waiver. Respondents argue that *Singer* is distinguishable because Washington statutes give the court the sole discretion to decide whether to accept or reject a defendant's waiver of his right to a jury trial. But as we have concluded above, Washington statutes give the State the right to demand a jury trial in district court criminal proceedings. There is no functional difference, in terms of a constitutional analysis, between a statute that conditions waiver on State approval and a statute allowing the State to make its own demand for a jury trial. The result in both cases is that the State may force a defendant to undergo a jury trial despite his or her preference for a bench trial. *Singer*, therefore, is indistinguishable and highly persuasive in our analysis under the Washington Constitution. *See State v. Gunwall*, 106 Wn.2d 54, 60-61, 720 P.2d 808 (1986) (" 'The opinions of the Supreme Court, while not controlling on state courts construing their own constitutions, are nevertheless important guides on the subjects which they squarely address.' ") (quoting *State v. Hunt*, 91 N.J. 338, 363, 450 A.2d 952 (1982) (Handler, J., concurring)).

Washington courts have repeatedly cited *Singer* for the proposition that there is no constitutional right to a nonjury trial. In *State v. Jones*, 70 Wn.2d 591, 594, 424 P.2d 665 (1967), the State Supreme Court held that the trial court had the discretion to deny a defendant's request for a nonjury trial. The *Jones* court noted that "[t]he defendants were afforded their constitutional rights to a trial by a jury of their peers." *Jones*, 70 Wn.2d at 594. In *State v. Maloney*,

78 Wn.2d 922, 927, 481 P.2d 1 (1971), the court quoted extensively from *Singer* in rejecting the appellant's argument that the trial court abused its discretion by denying his request for a nonjury trial. In *State v. Thompson*, 88 Wn.2d 13, 558 P.2d 202 (1977), the court again held that the trial court did not abuse its discretion in refusing to allow waiver, noting that "[n]o constitutional rights are here involved." *Thompson*, 88 Wn.2d at 15 (citing *Singer*, 380 U.S. 24). In *State v. Rupe*, 108 Wn.2d 734, 753-54, 743 P.2d 210 (1987), the court held that a capital murder defendant did not have the right to a nonjury trial even though he claimed that extensive publicity made it impossible to get an impartial jury.[3] The court reaffirmed that "[t]here is no constitutional right to a nonjury trial." *Rupe*, 108 Wn.2d at 753 (citing *Singer*, 380 U.S. 24). Finally, the court has upheld the constitutionality of the statute providing for mandatory jury trials in first degree murder cases, noting, "The basic constitutional right which requires protection is the *right* to *have* a trial by jury . . . ." *State v. Baker*, 78 Wn.2d 327, 334, 474 P.2d 254 (1970) (denying equal protection challenge); *State v. Boggs*, 80 Wn.2d 427, 433-34, 495 P.2d 321 (1972) (same).

Although they attempt to distinguish *Singer*, respondents do not contend that the statutes at issue are invalid under the federal constitution. Instead, they argue that Washington's jury trial provisions grant greater protection in this instance than their federal counterparts. In determining whether the Washington Constitution extends broader rights than the United States Constitution in this context, we are guided by the six "nonexclusive neutral criteria" enunciated in *Gunwall*, 106 Wn.2d at 61. Those criteria are (1) the textual language of the state constitution, (2) significant differences in the texts of parallel provisions of the federal and state constitutions, (3) state constitutional and common law history, (4) preexisting state law, (5) differences in structure between the federal

---

[3] Respondents do not allege any such prejudice in this case.

and state constitutions, and (6) matters of particular state interest or local concern. *Gunwall*, 106 Wn.2d at 58.

A number of Washington decisions have established that the right to a jury trial in Washington is not necessarily coextensive with the federal right. For example, in Washington, defendants in misdemeanor cases have a right to a jury trial even though there is no such right under the federal constitution. *See City of Pasco v. Mace*, 98 Wn.2d 87, 97, 101, 653 P.2d 618 (1982). *See also State v. Hobble*, 126 Wn.2d 283, 298, 892 P.2d 85 (1995) (noting state and federal rights not coextensive). But " '[a] determination that a given state constitutional provision affords enhanced protection in a particular context does not necessarily mandate such a result in a different context.' " *State v. McKinney*, 148 Wn.2d 20, 26, 60 P.3d 46 (2002) (quoting *State v. Johnson*, 128 Wn.2d 431, 446, 909 P.2d 293 (1996)). Rather, we must analyze whether the particular claim of right at issue is supported by the text and history of the state constitution and the case law interpreting it.

We find no textual, historical, or structural support in the state constitution for the proposition that a defendant has any right to demand a trial by the court. Two provisions of the Washington Constitution guarantee criminal defendants the right to trial by jury. Article I, section 22 guarantees criminal defendants a number of procedural rights, including the right to trial "by an impartial jury . . . ." In addition, article I, section 21 provides that "[t]he right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record . . . ." Neither provision addresses waiver or gives a defendant a right to a bench trial.

Moreover, although the text of these provisions differs from the federal jury trial provisions in several respects, none of those differences supports a right to trial by the court. Respondent Asui points out that the term "jury" in the United States Constitution has been interpreted as meaning 12 people, whereas the Washington Constitution specifically provides for a jury of fewer than 12 people in

courts "not of record." CONST. art. I, § 21. In *Mace*, the Supreme Court found that difference significant when it held that misdemeanor defendants are entitled to a jury trial in Washington, because that language indicated that the drafters of the constitution specifically contemplated jury trials in misdemeanor cases. *See Mace*, 98 Wn.2d at 96. Respondents have not explained how that difference favors them in this case, except to state that the Washington provision "recognizes a different jury trial right than the U.S. Constitution." Br. of Resp't Asui at 20.

Washington courts have also held that section 21's guaranty that the right to a jury trial will remain "inviolate" preserves the right to jury trial as it existed at the time of the state constitution's adoption in 1889. *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 645, 771 P.2d 711 (1989). Thus, the status of the law respecting the right to jury trial existing at the time the state constitution was adopted is a factor of "great importance" in determining whether the state constitution's jury trial protections are more expansive in a particular context. *Hobble*, 126 Wn.2d at 300. But again, respondents have not demonstrated how this principle of construction favors them in this particular context. They have presented no evidence that the State's right to demand a jury offends the conception of the right to jury trial as it existed at the time of statehood.

In fact, the State has enjoyed the ability to demand a jury trial since before statehood. Before the state constitutional convention, the Code of 1881 provided that in "all trials for offenses within the jurisdiction of a justice of the peace, the prisoner *or the territory* may *demand* a jury . . . ." CODE OF 1881, ch. 131, § 1890, at 320) (emphasis added). In 1891, two years after the convention, the legislature amended this provision but preserved the state's right to demand a jury trial for misdemeanor offenses:

> In all trials for offenses within the jurisdiction of the justice of the peace, the *defendant or the state may demand a jury*, which shall consist of six, or a less number, agreed by the state and

accused, to be impaneled and sworn as in civil cases; or the trial may be by the justice.

Laws of 1891, ch.11, § 1 (emphasis added). Thus, both the territorial laws in existence before the constitution and the law as amended two years after the constitution's creation strongly suggest that the drafters of the state constitution did not envision any right to a bench trial for misdemeanor defendants. Rather, this historical evidence further supports the conclusion that the state constitution guarantees only the affirmative right to a jury trial, not the converse right to demand a nonjury trial.

Respondent Asui relies on *State v. Adams*, 3 Wn. App. 849, 852, 479 P.2d 148 (1970), *review denied*, 78 Wn.2d 997 (1971), as establishing a right of defendants to demand a bench trial. That reliance is misplaced. The court in *Adams* held that a pro se defendant could waive his right to trial by jury despite language in RCW 10.01.060 that appears to allow waiver only where a defendant is represented by counsel. In dicta, the court suggested that a contrary holding would violate the constitutional rights of the pro se defendant because "a defendant has the right to have or waive a jury trial and also the right to defend himself in person." *Adams*, 3 Wn. App. at 852 (citing Const. art. I, §§ 21, 22). *Adams*, however, did not recognize any constitutional right to demand a bench trial. Rather, the court was concerned with the pro se defendant's right to make the same decisions regarding his case that he could make if represented by counsel. Further, the brief constitutional analysis in *Adams* was dicta; in its holding, the court merely interpreted the statute as allowing a pro se defendant's jury waiver to stand as long as it is knowing and voluntary. *Adams* did not announce any general constitutional right to demand a trial by the court.

Respondents' citations to cases construing other states' constitutions are also unpersuasive. The majority of states, when faced with this issue, have not recognized any right to a bench trial under their state constitutions, and have upheld statutes granting the State the right to reject waiver

or demand a jury. *See, e.g. State v. McKenzie*, 532 N.W.2d 210, 217 (Minn. 1995); *State v. Kirby*, 440 Mich. 485, 487 N.W.2d 404, 405 (1992); *People v. Dist. Court of Colo.'s Seventeenth Judicial Dist.*, 843 P.2d 6, 9 (Colo. 1992); *State ex rel. Turner v. McDonald,* 676 S.W.2d 371, 373 (Tex. Crim. App. 1984). *See also generally*, Debra T. Landis, Annotation, *Right of Accused, in State Criminal Trial, To Insist, Over Prosecutor's or Court's Objection, On Trial by Court Without Jury*, 37 A.L.R. 4th 304, 308-09 (1985). And although courts in a few states have held state consent statutes unconstitutional, all but one case involved state constitutional provisions that explicitly allocated to the defendant the choice of whether to proceed with or without a jury.

For example, in *State v. Baker*, 328 Or. 355, 976 P.2d 1132 (1999), the Oregon Supreme Court held that a statute allowing the prosecutor to demand a jury violated the Oregon Constitution. The *Baker* court based its decision on explicit constitutional language allowing a defendant, with consent of the judge, to "elect to waive trial by jury and consent to be tried by the judge of the court alone . . . ." OR. CONST. art. I, § 11. The court reasoned that this provision grants "to only one person, the trial judge, the discretionary choice to deny a criminal defendant in a noncapital criminal case the right to waive trial by jury." *Baker*, 976 P.2d at 1137.[4] But there is no such language in Washington's constitution, which is silent on the procedure for deciding whether to allow a defendant's jury trial waiver. Therefore, the reasoning in *Baker* is not helpful in our analysis of Washington's jury trial provisions.

Illinois is the only state to recognize a right to a bench trial that is not explicitly provided by statute, court rule, or state constitutional provision. *See People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 533 N.E.2d 873, 127 Ill. Dec. 791

---

[4] Respondents correctly point out that the drafters of Washington's constitutional jury trial provisions relied heavily on similar provisions in Oregon's constitution. *See* ROBERT F. UTTER & HUGH D. SPITZER, THE WASHINGTON STATE CONSTITUTION: A REFERENCE GUIDE 34-35 (Greenwood Press 2002). *See also* THE JOURNAL OF THE WASHINGTON STATE CONSTITUTIONAL CONVENTION 1889 510-11 (Beverly Paulik Rosenow ed. 1999). But the waiver provision on which the *Baker* court relied could not have influenced the 1889 Washington Constitutional Convention because Oregon voters added it in a 1932 constitutional amendment. *See Baker*, 976 P.2d at 1135-36.

(1988). In *Daley*, the Illinois Supreme Court rejected *Singer* and held that the Illinois Constitution provides defendants with the right to choose between a jury and a bench trial. But the *Daley* court based that holding on Illinois common law that existed before the Illinois constitutional convention. Because the Illinois Constitution guaranteed the right to jury trial "as heretofore enjoyed," the court held that the state constitution required courts to honor a defendant's demand for a bench trial. *Daley*, 533 N.E.2d at 877. But in Washington, there is no historical evidence that the right to trial by jury has ever included the right to demand a bench trial. In fact, as discussed above, the evidence is to the contrary. *Daley*, therefore, is not persuasive on this issue.

Instead, we adopt the reasoning of the majority of state courts, which have adhered to *Singer*. Absent specific constitutional language granting defendants the right to demand a bench trial, the Supreme Court's reasoning in *Singer* is as persuasive in our independent state constitutional analysis as it is under the federal constitution:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney . . . when . . . the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

*Singer*, 380 U.S. at 36. Likewise, in Washington, the State has a legitimate interest in ensuring that a jury decides the result of a defendant's trial. The drafters of the Washington Constitution did not choose to curtail that interest. The

legislature therefore did not violate article I, sections 21 and 22 of the state constitution when it preserved the State's right, recognized since before statehood, to demand that a defendant face a jury of his or her peers rather than a single judge.

Further, by denying the State that statutory right, the district court acted contrary to the procedures authorized by the state legislature in RCW 10.04.050 and RCW 3.66.010. The superior court should have granted the State's writ and ordered jury trials for all three defendants. Accordingly, we reverse, grant the writ, and remand each defendant's case for a jury trial.

Cox, A.C.J., and APPELWICK, J., concur.

Review denied at 151 Wn.2d 1007 (2004).